## R. B. ALEXANDER *v.* THE STATE.

1. MANDAMUS. *Bill of exceptions.* This court will, in aid of its appellate jurisdiction, compel a trial judge, by mandamus, to sign a bill of exceptions, but the writ will only be granted when it appears that there has been a clear abuse of discretion.

2. SAME. *Will not be granted, when.* The writ will not lie where the trial judge, having a rule of court limiting the time for filing bills of exception, twice grants an extension for definite periods far beyond the limits of the rule, within which time of extension, so far as appears, the bill of exceptions might, by diligence, have been completed, and no further extension of time was asked for.

### FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county. MATT. W. ALLEN, J.

EWIN BURNEY for Alexander.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the · court.

Petition for a mandamus to. the ·judge of the criminal court of Davidson county, requiring him to· sign a bill of exceptions.

The petitioner was tried and convicted of the offense of grand larceny on February 28, 1884. On March 6, 1884, his motions for a new trial and in arrest of judgment were overruled, and judgment rendered. on the verdict. The petitioner prayed an appeal, which; was granted, but no bill of exceptions was then tendered.

The affidavit of the prisoner's counsel, · which accompanies the petition, although it does not appear that it · was ever presented to the court below, states that when the motions for new trial and in arrest were· overruled, he asked in open· court in what time the bill· of exceptions ·must be made up, and was informed that it must be done in a reasonable time. For the· next four days he was sick in bed. As soon as he could return to his office, he commenced to write out the evidence. Two important witnesses were examined while he was out of court, and when he finished the testimony of the other witnesses, which was about the 14th or 15th of March, he called upon his associate counsel to supply the omitted evidence. Not finding him after repeated calls, he went to the court and told the judge he could not complete the evidence until the return of his associate, which he had learned would be on the 23d or 24th. He was informed by the court it would be all right. His associate re-

turned on. the 24th, and affiant at once handed the papers to him. After an interchange of views, the bill of exceptions seems to have been completed on the 25th. The petition states that the bill of exceptions was tendered to the judge on March 26th, who refused to sign the same. The attorney's affidavit purports to have been sworn to on April 5, and was probably prepared with a view to the present application.

The transcript of the record in the larceny case, which accompanies the petition, contains an entry touching the bill of exceptions. It recites the tender of a bill of exceptions, and adds: "The court however determines that the verdict in this cause, having been rendered on the 28th day of February, 1884, and the motions for a new trial and in arrest of judgment having been overruled on the 6th of March, 1884, the said bill of exceptions was not presented within two days from said last date, in accordance with the rule of practice heretofore announced and published, namely: 'Two days allowed attorneys to file bill of exceptions, and three days to the attorney-general.' Whereupon the court refuses to consider, and declines to sign the same, and directs the verdict and judgment be carried into effect. One of the attorneys for the defendant came and asked for further time, which was granted until a definite period of time; at the expiration of this time, further time was again asked for, and granted for a definite period of time; at the expiration of this time the defendant again failed to present the bill of exceptions, and

several days elapsed, from Monday until Wednesday, before it was presented, when the court peremptorily declined to grant any further time, or sign bill of exceptions."

The trial court is authorized by statute to adopt rules of practice, and may, therefore, adopt a reasonable rule fixing the time after the entry of judgment within which the bill of exceptions must be presented. This court has held that a rule requiring an application for a new trial to be made on the first Saturday after the trial was too rigid: *Pawley* v. *McGimpsey*, 7 Yer., 502. But that a rule requiring bills of exceptions, when not agreed on, to be presented within fifteen days after judgment is not unreasonable: *Mallon* v. *Tucker Manufacturing Company*, 7 Lea, 62. Whether his Honor's rule in this instance will stand the test of reasonableness may admit of doubt. But the rule, although referred to in the entry quoted, has nothing to do with the decision of this application. For the entry shows that two definite extensions of time, eighteen days in all, were granted by the trial judge. The last extension expired on Monday, March 24th. This accords with the statement of the attorney, who says he told the trial judge that he could not complete the evidence until his associate returned, which would be on the 23d or 24th, and was informed by the court that that would be all right, fairly implying an extension of time to that date, by a rule for the particular case. The attorney's affidavit further states that his associate returned on the 24th, "and I handed him the paper on Monday P. M., the 24th."

The power of this court, in aid of its appellate jurisdiction, to compel a judge by *mandamus* to sign a bill of exceptions is well settled: *State* v. *Hall*, 3 Cold., 255. But the writ will only be granted when it appears that there has been a clear abuse of discretion by the judge: *Galloway* v. *Fleming*, 2 Leg. Rep., 62. So far as appears, the additions to the bill of exceptions might have been made in an hour or two. The bill of exceptions should have been completed at once, or application made for additional time. Neither was done, and we cannot see any abuse of discretion by the judge.

    The application is therefore refused.