RAILROAD *v.* BLAIR.

(*Nashville.* January 27, 1900.)

1. VERDICT. *Setting third aside.*

The statute forbidding the setting aside of a third verdict upon the facts does not apply where one of the preceding verdicts was set aside for surprise. (*Post, p. 213.*)

Code construed: § 4850 (S.); § 3835 (M. & V.); § 3122 (T. & S.).

2. SUPREME COURT. *Practice.*

Although an error is assigned in due form in this Court, it will not be considered, if it appears that it was not complained of, on motion for new trial, in the lower Court, as was required by the rules of that Court. (*Post, pp. 213, 214.*)

3. RAILROADS. *Rights of passenger holding unstamped ticket.*

Although a passenger may not be entitled to passage upon the return part of an excursion ticket which has not been stamped as required by its terms, yet, if the train conductor, after examination of the ticket, invites him to enter the train, and afterwards takes it up and punches it, such passenger cannot thereafter be rightfully ejected because of his failure to have his ticket stamped. (*Post, pp. 214–216.*)

4. DAMAGES. *Excessive verdict for.*

A verdict and judgment for $400 damages for the wrongful ejection of a passenger, without violence or insult, and causing him loss of only one day's time and two or three dollars in money, will be set aside for excessiveness. (*Post, p. 216.*)

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

SMITH & MADDIN for Railroad.

J. L. WATTS and J. B. DANIEL for Blair.

WILKES, J. This is an action for damages for ejecting the plaintiff from the train of the defendant company. There was a trial before the Court and a jury, and a verdict for $800, $400 of which was remitted, and for the balance judgment was rendered, and the railroad company has appealed.

It is insisted that this verdict cannot be disturbed, because two verdicts have been already set aside, and under Code, sec. 4850, a third verdict cannot be set aside upon the facts. We are of opinion the second verdict in this case was not set aside upon the facts, but upon surprise on part of defendant on account of the introduction of the evidence of the witness, Pirtle, by the plaintiff. The provisions of the section referred to are not, therefore, applicable.

It is a little difficult to know exactly what assignments of error are before this Court except two—one that there is no evidence to support the verdict and the other that the damages are excessive. These assignments present perhaps all that is meritorious in the case. The second and third assignments originally made, appear to have been withdrawn in a later assignment which substitutes for them 'a different statement and assignment. But it appears that this latter assignment was not em-

braced in the motion for a new trial in the Court below. There is a rule of that Court, which is copied into the record, which requires the grounds of complaint to be set out on the motion for a new trial. It has been held by this Court that where such a rule exists, and is shown in the record as it is here, no errors will be considered in this Court that were not set out in the motion for a new trial in the Court below. There was no complaint of the charge of the Court upon the motion for a new trial, and hence none can be entertained here. There was complaint that a certain special request was not given, and error was originally assigned upon this ground, but this was withdrawn by the amended or subsequent assignment, and is not, therefore, for our consideration. If it were we are of opinion it was not error to refuse the request as made.

We proceed, therefore, to examine the case under the two assignments referred to, of no evidence to support the verdict and the amount of damages being excessive. The plaintiff in this case bought the return part of a Centennial ticket from Nashville to Guthrie, Ky. It was required to be stamped to be available for return passage. A provision to that effect was printed upon the face of the ticket. The plaintiff says he did not know of this provision. The Court charged the jury that if he knew, or had sufficient oppor-

tunity to know, of the condition or provision, he would be affected by it. Without approving this ruling, but passing by it as not being objected to, we have the plaintiff in possession of such a ticket, and it unstamped, claiming the right to ride upon it. In the absence of any other fact, we are of opinion that the ticket so bought and attempted to be used conferred no right of passage. There is testimony tending to show that plaintiff went to the train and presented this ticket to the conductor, and was told by him that it was all right, and he was at the right train, and upon the faith of this statement by the conductor he entered the cars. When the conductor came to him for his ticket, he took it and punched it, and then informed the plaintiff that he could not ride upon it because it was not stamped, and he was accordingly ejected at the first stop, about ten miles from Nashville. Now, whether the conductor had the right to waive this requirement of stamping the ticket, we need not decide. He, perhaps, had no such right, still, when the plaintiff exhibited his ticket before entering the cars, and was told it was all right, and that was the proper train, and he entered it under this invitation, he could not afterwards be ejected from the train. He was accepted as a passenger. To deny him right of passage under these facts would be a fraud and wrong upon him. It is true that there is a conflict of testimony as to what the conductor

said, and a difference as to what he meant by what he did say, but this is settled by the verdict of the jury, and in this Court and under this assignment we must consider the case from the standpoint of the plaintiff's testimony.

We are of opinion, therefore, that there is evidence upon which the verdict can rest, and the plaintiff was not liable to be ejected from the train. In doing so the company was unreasonably enforcing a rule which was, ordinarily, a reasonable one.

The only remaining question is as to the amount of damages. It is not claimed that there was any indignity offered, nor any rudeness shown in ejecting the plaintiff. It was done at Edgefield Junction, ten miles out, and the first stop of the train. The plaintiff found a lodging place for the night, and was returned to Nashville next morning free of charge, and after having his ticket stamped, was carried to his destination. His loss was one day's time, and some two or three dollars in money. We are of opinion the amount of the judgment is so excessive as that, under the rule, it canont be sustained.

The judgment is reversed, and cause remanded for new trial.