MEMPHIS STREET RAILWAY COMPANY *v.* W. B. JOHNSON.

(*Jackson.* April Term, 1905.)

1. **APPEALS.** Errors reviewable and correctible in supreme court.

   The supreme court can only pass upon matters which the record shows have been considered and adjudged by the trial court, and can review and correct only the errors which appear upon the face of the record proper, and those committed in allowing or overruling motions for new trials upon grounds brought into the record by bills of exceptions. (*Post, pp.* 636-638.)

2. **NEW TRIALS.** Motion for, made and overruled, is necessary to obtain relief on account of errors in the trial.

   A motion for a new trial, made and overruled, is necessary in order to give the appellant relief on account of errors occurring in the trial of the case, which a bill of exceptions is required to bring into the record. (*Post, pp.* 638-640.)

3. **SAME.** Motion for, must be in writing and entered upon the minutes of the court, with the action of the court thereon.

   The motion for a new trial must be reduced to writing and spread court thereon; and it is not sufficient that the motion, or the action of the court thereon, appears in the bill of exceptions. (*Post, p.* 640.)

   Case cited and approved: Railroad v. Egerton, 98 Tenn., 541.

4. **SAME.** Rules of practice for presenting and disposing of motions for, may be prescribed by the circuit court.

   The circuit and law courts have authority, by reasonable rules of practice, not inconsistent with the law, and applicable to such courts, to control the form and time in which motions for new trials shall be made and disposed of. (*Post, pp.* 640-641.)

Railroad v. Johnson.

Code cited and construed:   Sec. 6075 (S.); sec. 5009 (M. & V.); sec. 4237 (T. & S. and 1858).

Cases cited and approved:   Mallon v. Manufacturing Co., 7 Lea, 62; Alexander v. State, 14 Lea, 91; Railroad v. Hendricks, 88 Tenn., 719; Patterson v. Patterson, 89 Tenn., 154.

5. **SUPREME COURT PRACTICE.** Rule limiting errors assignable to the grounds for new trials set out in the motion, when.
The supreme court, by a rule of practice, may provide that the errors assignable upon the action of the trial judge in refusing a new trial in the circuit or law courts, shall be limited to such grounds for a new trial as were set out in the motion for that purpose in the trial court, regardless of the rules of that court. (*Post, pp.* 640, 641, 645.)

Code cited and construed:   Sec. 6337 (S.); sec 5254 (M. & V.); sec. 4504 (T. & S. and 1858).

Cases cited and approved:   Foster v. Burem, 1 Heis., 784; Riggs v. White, 4 Heis., 504; Denton v. Woods, 86 Tenn., 37; Wood v. Frazier, 86 Tenn., 500.

6. **SAME.** Same. Assignment of errors in supreme court limited to those assigned on motion for new trial under rule of lower court, when.
Under a rule of practice of the circuit court requiring all grounds for new trials to be stated separately in writing and entered upon the minutes of the court, and providing that all errors not so set out shall be considered as waived, all errors of the trial court not so assigned as grounds for a new trial in the motion made for that purpose are thereby waived, and assignments of error in the supreme court upon the refusal of the trial judge to grant a new trial cannot be predicated upon grounds not so assigned in the lower court. (*Post, p.* 641.)

Cases cited and approved:   Wise v. Morgan, 101 Tenn., 273; Railroad v. Blair, 104 Tenn., 212.

7. **NEW TRIALS. Statement of grounds for, should be as specific and certain as the nature of the error complained of will permit.**

The statement of grounds in the motion for a new trial must be sufficient to direct the attention of the court and opposing counsel to the error or irregularity relied upon to vitiate the verdict, and should be as specific and certain as the nature of the error complained of will permit. (*Post, pp.* 641–644.)

8 **SAME. Objection in the lower court to the form of the motion for, is not necessary, when.**

Objection to the form of the motion for a new trial need not be made in the lower court by the successful party, because the rules of practice of the character of that shown in headnote six are made in the interest of the public, and for the purpose of enabling the courts speedily and correctly to dispose of the cases pending in them, and such rules cannot be waived by litigants. (*Post, pp.* 641, 644.)

9. **SAME. Insufficient statement in motion for; case in judgment.**

The grounds for a new trial stated in the motion in these words: "(1) For error in the admission and exclusion of evidence; (2) The court erred in refusing the special instructions asked for by the defendant," are insufficient, for failing to set out the evidence or instructions, where there is a rule of the circuit court requiring all grounds for a new trial to be stated and set out separately in the written motion, and entered on the minutes of the court, and providing that all errors not so set out are presumed to be waived. (*Post, pp.* 636-645.)

Code cited and construed: Sec. 6075 (S.); sec. 5009 (M. & V.); sec. 4237 (T. & S. and 1858).

Railroad v. Johnson.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.—J. P. YOUNG, Judge.

WRIGHT, PETERS & WRIGHT and CARUTHERS EWING, for Railway Co.

W. V. SULLIVAN and W. A. PERCY, for Johnson.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This action is brought by W. B. Johnson against the Memphis Street Railway Company to recover damages for personal injuries sustained by him, through the negligence of the defendant, while plaintiff was a passenger on one of its cars.

The case was submitted to a jury, and a verdict found for the plaintiff. The motion of the defendant for a new trial was overruled, and judgment entered. The defendant tendered a bill of exceptions to this action of the court, which was signed and filed, and the case is now before us upon appeal in the nature of a writ of error.

The errors assigned are predicated upon the refusal of the trial judge to set aside the verdict of the jury and

grant the defendant a new trial because of the admission
of certain evidence offered by the plaintiff over the ob-
jection of the defendant, and his refusal to give in charge
to the jury certain written instructions submitted by
counsel for the railway company at the conclusion of the
charge in chief.

For the defendant in error it is insisted that these as-
signments of error cannot be considered by this court be-
cause the errors complained of were not properly set out
and relied upon as grounds for a new trial in the motion
made by the plaintiff in error in the trial court for that
purpose, as required by a rule of that court, and passed
upon by the presiding judge.

The rule of the circuit court of Shelby county in rela-
tion to motions for new trials, which is in the record, re-
quires all grounds upon which a new trial is asked to
be stated and set out separately in a written motion and
entered upon the minutes of the court; and all errors
not so set out are presumed to be waived, and will not be
considered on the hearing of the motion.

The plaintiff in error attempted to comply with this
rule, and the grounds for a new trial upon which these
assignments are based are stated in its motion in these
words:

"(1)  For error in the admission and exclusion of evi-
dence.

"(2)  The court erred in refusing the special instruc-
tions asked by the defendant."

The jurisdiction of this court is exclusively appellate,

Railroad v. Johnson.

and it can only pass upon matters which the record shows have been considered and adjudged by the trial court from which the case has been appealed. The errors reviewed and corrected by it are of two classes: Those which appear upon the face of the record proper, as erroneous rulings in sustaining or overruling motions, and demurrers challenging the sufficiency of pleadings; and errors committed in allowing or overruling motions for new trials upon grounds brought into the record by bills of exceptions, as for improperly refusing a continuance, the admission of incompetent evidence, or the rejection of competent evidence, error in instructing the jury, or refusing further instructions seasonably requested in proper form, for want of evidence to sustain the verdict, or other similar ground. It does not act directly upon errors of the latter class, which are not a part of the record without a bill of exceptions, but upon the action of the trial judge for refusing a new trial because of such errors committed by him, or otherwise occurring in the progress of the case, as they may be waived or corrected before verdict. Therefore, before the jurisdiction of this court can be invoked and relief had on account of errors of the second class, they must be considered and acted upon by the trial judge in the disposition of a motion made by the losing party to set aside the verdict of the jury and allow him a new trial. Another reason why all errors which may affect the integrity of the verdict should be brought to the attention of the trial judge in a motion for a new trial is that he

may have an opportunity to correct them, if necessary, by granting a new trial, and thus save the inconvenience, delay, and expense attending appellate proceedings.

The reason why this court will consider errors which appear upon the face of the record proper, without a motion for a new trial, is that they do not directly affect the correctness of the verdict, and would not be cured by setting it aside.

That a motion for a new trial, made and overruled, is necessary, in order to give the appellant the advantage of errors occurring in the trial of the case, which a bill of exceptions is required to bring into the record, is well settled. An eminent author on Practice says: "A motion for a new trial is an application made in a trial court for a retrial of the issue or issues of fact. It is a direct, and not a collateral, motion, and ordinarily its office is to specifically direct the attention of the court to errors committed during the trial, and to get the questions into the record and have them corrected by a new trial, or to thus correct a verdict or finding which is contrary to law or the evidence. It is necessary, as a general rule, in order to present upon appeal questions as to errors of law occurring at the trial which cannot be independently assigned in an appellate court, and generally to present any matter that does not appear in the record proper." Elliott on General Practice, vol. 2, section 987.

And in another valuable work on Practice it is said:

"The office of a motion for a new trial is twofold: First, to present the errors complained of to the trial court for review and correction, or to secure a new trial; second, to preserve the same errors in the record, so that the ruling of the trial court in granting or refusing a new trial may be reviewed by the appellate court. It is a general rule that all errors correctable by motion for a new trial, and not so assigned, are deemed to have been waived by the applicants for a new trial. Unless a motion for a new trial has been presented and considered by the lower court, and its ruling preserved, the errors assigned in the motion will not be reviewed by the appellate court. To secure a review in the appellate court of errors committed at the trial, the complaining party must except to the errors and irregularities at the time when the rulings of the court thereon are made, and must call the attention of the trial court to such rulings by assigning them as errors and as grounds for a new trial; otherwise such errors will be deemed waived. It is a well known rule of appellate courts that errors of the trial court occurring during the trial will not be reviewed unless such errors have been called to the attention of the trial court, and opportunity given to correct them. It is necessary, therefore, to present such error to the trial court by a motion for a new trial, and to secure a ruling on the motion." Ency. of Plead. & Prac., vol. 14, p. 846.

Whether a motion for a new trial specifically stating the grounds upon which it is asked is necessary in cases tried by the presiding judge without the intervention of

a jury is reserved in *Lancaster* v. *Fisher*, 94 Tenn., 228, 28 S. W., 1094, but we would be inclined to hold that the better practice would require that it be done.

The motion must be reduced to writing and spread upon the minutes of the court, where the action of the court thereon must also appear. It is not sufficient that it, or the action of the court thereon, appears in the bill of exceptions. *Railroad* v. *Egerton*, 98 Tenn., 541, 41 S. W., 1035.

The circuit and law courts of this State have authority, by rules of practice applicable to such courts, to control the form and time in which motions for new trials shall be made and disposed of, which are reasonable and not inconsistent with the law. Code 1858, section 4237 Shannon's Ed., section 6075) ; *Mallon* v. *Manufacturing Co.*, 75 Tenn., 62; *Alexander* v. *State*, 82 Tenn., 91; *Patterson* v. *Patterson*, 89 Tenn., 154, 14 S. W., 485; *Railway Company* v. *Hendricks*, 88 Tenn., 719, 13 S. W., 696, 14 S. W., 488.

And this court, in the exercise of its power to prescribe rules of practice, may provide that errors assigned upon the action of the trial judge in refusing new trials, in cases brought to it from the circuit or law courts, shall be predicated only upon such grounds for new trial as were set out in the motion made for that purpose in the trial court, regardless of the rules of that court. Code 1858, section 4504 (Shannon's Ed., section 6337) ; *Denton* v. *Woods*, 86 Tenn., 37, 5 S. W., 489; *Wood* v.

Railroad v. Johnson.

*Frazier,* 86 Tenn., 500, 8 S. W., 148; *Riggs* v. *White,* 51 Tenn., 504; *Foster* v. *Burem,* 48 Tenn., 784.

Rules similar to that under consideration requiring all grounds for new trials, whether of law or fact, to be stated separately in writing, and entered upon the minutes of the court, and providing that all errors not so set out shall be considered as waived, are now in force in a majority of the circuits of this State, and are not only reasonable and valid, but the experience of these courts, and of this in the cases coming from them, has demonstrated that they contribute greatly to the speedy, final, and correct disposition of litigation; and it would be better, for these reasons, and to prevent mistakes resulting from the existence of different rules of practice in the courts of the State, that they be adopted in all of them.

This court has repeatedly held, in cases brought to it from circuits having this rule, that all errors of the trial court not assigned as grounds for new trial in the motion made for that purpose are thereby waived, and that assignments of error upon the refusal of the trial judge to grant new trials cannot be predicated upon grounds not so assigned in the lower court. *Railroad* v. *Blair,* 104 Tenn., 212, 55 S. W., 154; *Wise & Co* v. *Morgan,* 101 Tenn., 273, 48 S. W., 971, 44 L. R. A., 548.

We are now to determine whether or not the grounds upon which these assignments of error are predicated are sufficiently set out in the motion for a new trial. It

114 Tenn—41

seems to be well settled that the statement of the grounds in the motion must be sufficient to direct the attention of the court and opposing counsel to the error or irregularity relied upon to vitiate the verdict.

In the work on Pleading & Practice last quoted from, it is further said: "The general rule is that the grounds [for a new trial] must be stated so specifically as to direct the attention of the court and opposing counsel to the precise error complained of. A mere statement of the grounds, without further specifications, will therefore be insufficient. The purpose of the rule is to direct the attention of the trial judge to the alleged erroneous rulings, and present to the appellate court the precise question involved. The safest course is to assign each error with the same particularity of an assignment of error in appeal. . . . But this is not the practice in most of the States; the courts holding that it is sufficient merely to assign error in the ruling complained of, as that the court erred in giving a certain construction or admitting certain evidence, without stating why such ruling was erroneous. If the grounds for a new trial are not stated in the motion, it may be overruled by the court, and disregarded on appeal. All errors known at the time of filing the motion must be included therein, or the errors omitted will be deemed to have been waived." Ency. of Plead. & Prac., vol. 14, pp. 882, 883.

Mr. Elliott, in his work above cited (volume 2, section 991), says: "The law presumes the verdict to be correct. Hence on a motion for a new trial the party must set

Railroad v. Johnson.

forth the grounds upon which he intends to rely, or the objections will be considered as waived. The motion should be in writing, and should specify with reasonable certainty all the rulings deemed to be erroneous. It is to be kept in mind that it is the objections specified in a motion, and those only, that are brought up for review, for all others properly arising on a motion for a new trial are deemed to be waived. It is on a motion— as it is written—that the appellate court acts, for, as to objections not properly presented, the presumption is in favor of the regularity and legality of the rulings of the trial court. It is the business of the party who takes exceptions to show that the decision is wrong. It is not sufficient that he succeeds in mystifying it by adopting language which subjects the judge to the suspicion that he did not understand the safest ground on which to place it. In order to show that rulings are wrong it must appear that they were probably injurious to the party who makes complaint, since a mere harmless error will not warrant a reversal."

The text in both of these works, which are of the highest authority, is supported by numerous decisions of other States, many of which are predicated upon the general rules of practice of courts of law.

We are of the opinion that the grounds set out in the motion should be as specific and certain as the nature of the error complained of will permit. Thus, if the error consists in the admission or rejection of evidence, the evidence admitted or rejected should be stated. If it be

for affirmative error in the charge, or for failure to give an instruction properly and reasonably presented, it should set out the portion of the charge complained of, or the instruction refused, or otherwise definitely identify the instruction. If it be for misconduct of the opposite party or that of the jury, the facts constituting it should be stated. This was not done in this case. The testimony admitted and that excluded is not stated— not even the name of the witness given—and the instructions requested are not set out or sufficiently identified.

We do not think that it is necessary to state why the ruling complained of is erroneous as fully and with all the strictness required in assignments of error in this court, but a fair statement of the error complained of, sufficient to direct the attention of the court and the prevailing party to it, is all that is required.

Nor was it necessary for the successful party in the court below to there object to the form of the motion, because rules of this character are made in the interest of the public, and for the purpose of enabling the courts to speedily and correctly dispose of the cases pending in them, and they cannot be waived by litigants.

We are of the opinion that no sufficient grounds for a new trial because of the admission of incompetent or rejection of competent testimony, or a failure to give in charge to the jury instructions submitted by the defendant, were stated in the motion made by it in the circuit court, and that there is therefore nothing upon which these assignments of error on the action of the trial

Railroad v. Johnson.

judge in refusing to set aside the verdict and grant a new trial can be predicated; and, under the practice of this court, in cases coming from those courts having rules like that in this record, not to consider the assignments of error upon any ground not appearing in the motion for a new trial, these assignments of error are insufficient, and must be overruled.

The other assignments of error filed by the plaintiff in error were disposed of in an oral opinion.