Jacks v. Lumber Co.

R. G. JACKS *v.* WILLIAMS-ROBINSON LUMBER COMPANY.

*(Knoxville.* September Term, 1911.)

1. NEW TRIALS. Grounds other than those relied on in the circuit court for new trial cannot be assigned as error upon appeal.

Where the losing party in the circuit court moved for a new trial only upon the ground that the weight of the evidence preponderated greatly in his favor, he cannot upon appeal assign the additional error that there was no evidence to support the verdict, especially where the trial court has a rule requiring parties moving for new trials to assign specifically the errors relied upon; for it is a general rule that trial courts cannot be put in error on appeal upon questions of law or fact which have not been called to their attention. (*Post, pp.* 125-127.)

Cases cited and approved: Wise v. Morgan, 101 Tenn., 273; Railroad v. Blair, 104 Tenn., 212; Railroad v. Johnson, 114 Tenn., 641.

2. SAME. Rules of circuit court that motions for new trials must assign specific errors in writing will be sustained.

It is competent and advisable for trial judges to promulgate rules that, upon motions for new trials, no errors, except such as are assigned in the written motion, will be considered; and such rules will be sustained and enforced by the supreme court. (*Post, pp.* 127, 128.)

3. SAME. Question whether there is no evidence to support verdict is one of law to be determined first by trial judge.

The question whether or not there is no evidence to support the verdict is one of law, for determination in the first instance by the trial judge, and until it is in some way presented to, and passed upon by, the trial judge, such question cannot be considered upon appeal. (*Post, p.* 128.)

4. **SUPREME COURT PRACTICE.** Appellant must specifically point out the errors complained of, and affirmatively show their existence.

The supreme court will not search the record at large to find errors; for the presumption is that the judgment of the lower court is correct, and the burden is upon the appellant specifically to point out the errors complained of, and affirmatively show that they exist. (*Post, pp.* 128, 129.)

5. **SAME.** Same. Any number of new trials upon the ground that there was no evidence to support the verdicts.

The statute (section 4850 of Shannon's Code) providing that not more than two new trials shall be granted to the same party is not applicable to a case in which there is no evidence to support the verdict; and where the record fails to show the grounds upon which the new trials were granted, the supreme court will presume that they were granted on the merits, and not for errors of law; that is, upon the ground that the evidence preponderated against the verdicts, and not upon the ground that there was no evidence to support the verdicts, nor upon errors of law, and the party who seeks to sustain the action of the court in granting a third or subsequent new trial must be able to show from the record that the new trials were granted upon some ground other than the merits as above defined. (*Post, pp.* 129, 130.)

Code cited and construed: Sec. 4850 (S.); sec. 3835 (M. & V.); sec. 3122 (T. & S. and 1858).

Cases cited and approved: Turner v. Ross, 1 Humph., 16; Ferrell v. Alder, 2 Swan, 77; Railroad v. Hackney, 1 Head, 169; Burton v. Gray, 10 Lea, 582; Iron Co. v. Dobson, 15 Lea, 416; Railroad v. Mahoney, 89 Tenn., 326.

Jacks v. Lumber Co.

---

FROM MORGAN.

---

Appeal from the Circuit Court of Morgan County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—G. MC. HENDERSON, Circuit Judge.

WRIGHT & JONES, for plaintiff.

PICKLE, TURNER & KENNERLY, L. RISEDEN, W. Z. STRICKLAND, and MRS. J. L. HUGHETT, for defendant.

---

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This action for damages for personal injuries was tried before the circuit judge and a jury in Morgan county, and resulted in a verdict in favor of the plaintiff. The defendant below made a motion for a new trial upon the following grounds:

(1) Because the facts in the case do not warrant the verdict.

(2) Because the finding of the jury is not justified by the verdict.

(3) Because the weight of the evidence in the case preponderates greatly in favor of defendants, and the plaintiff is not entitled to recover of defendants in any sum whatever.

This motion was overruled by the circuit judge, and judgment was pronounced upon the verdict. The case was appealed to the court of civil appeals, and substantially the same errors assigned there as those set out above. Upon application to that court, plaintiff in error was permitted to assign the additional error that there is no evidence to support the verdict.

The trial court has a rule that: "All motions for new trials must be reduced to writing and entered upon the minutes. The several grounds of error upon which new trials are asked, whether of law or fact, must be stated separately and specifically and numbered, and no errors will be considered except such as are assigned in said written motion in this manner."

Defendant in error relied upon this rule in the court of civil appeals, and objected to that court permitting the amended assignment of error. That court, in disposing of this objection, said:

"After due consideration, we have reached the conclusion that rules of lower courts requiring motions for new trials to be specific cannot be held to preclude the making of assignments that are peculiar to this court. In the matter of granting new trials this court proceeds from an entirely different standpoint from that controlling a trial judge. It is his duty, if he be of the opinion that the evidence preponderates materially against the verdict, and does not for that reason meet his approval, to grant a new trial. This court will not reverse the lower court in refusing to grant a new trial with respect to the evidence, unless the record shows that there is no

material testimony to support the verdict. The assignment of error made will be considered by us."

This was error. No assignment of error in the appellate court can be said to be peculiar to that court, in contradistinction to assignments in the lower court of grounds for a new trial. While it is true that it is the duty of the trial judge to award a new trial upon the evidence, if he is of the opinion that the evidence preponderates against the verdict, and that this court and the court of civil appeals will not consider the weight of the testimony after the verdict of the jury has been approved by the trial judge, nevertheless the trial judge should be called upon to pass upon the question as to whether there is any evidence to support the verdict. The jurisdiction of the supreme court and the court of civil appeals is appellate only. The sole duty of these two courts is to revise the action of the trial court. The trial courts cannot be put in error upon appeal upon questions of law or fact which have not been called to their attention. Especially is this true where the trial court has a rule requiring parties complaining of the verdict of juries to specifically assign errors relied upon. *Railroad* v. *Johnson,* 114 Tenn., 641, 88 S. W., 169; *Railroad* v. *Blair,* 104 Tenn., 212, 55 S. W., 154; *Wise & Co.* v. *Morgan,* 101 Tenn., 273, 48 S. W., 971,, 44 L. R. A. 548.

It is competent for trial judges to promulgate such rules, and this court will enforce them. Indeed, it would facilitate the disposition of litigation and tend to minimize appeals if all of the trial courts would enforce rules

similar to the one under consideration. It may not infrequently happen that, if counsel will sharply call the attention of the trial judge to the error complained of, a new trial would be awarded and the necessity of an appeal obviated. Likewise it might also happen that, if the attention of counsel and court was sharply drawn to the points of fact and law in controversy, the court could convince counsel that no error had been committed.

Whether or not there is evidence to support the verdict is a question of law, to be determined by the trial judge. The better practice would be for counsel to move for a directed verdict, if it be conceived that the plaintiff's evidence does not present a case of liability. But, whether this motion is made or not, it is incumbent upon counsel to present to the court questions of law arising upon the assignment that there is no evidence to support the verdict. The fact that the trial judge must also determine the weight of the evidence and satisfy his own conscience as to the truth of the verdict does not militate in any degree against the necessity of having his action upon the legal questions presented by the assignment that there is no evidence to support the verdict. It is his concurrence with the jury in finding that the preponderance of the evidence is in favor of the verdict which gives rise to the rule of this court forbidding an assignment here upon the weight of the evidence. But this court will not search the record at large to find errors. The presumption is that the judgment of the lower court is correct. The burden is upon the appellant to specifically point out the errors complained of, and af-

Jacks v. Lumber Co.

firmatively show that they exist. It is but fair to the trial judge, as well as to litigants, that all parties be required to specifically point out, upon motions for new trials, the errors complained of. This has long been the settled practice of this court, and especially is it true when the trial court has a rule requiring it. We have every disposition to encourage this practice, and no inclination to depart from it.

At section 3122 of the Code of 1858 (Shannon, section 4850) it is provided that not more than two new trials shall be granted to the same party in an action at law or upon the trial by jury of an issue of fact in equity. It has been held that that this statute is not applicable to a case in which there is no evidence to support the verdict, and in such case the trial judge may set aside even a third or any subsequent verdict in the same case upon motion of the same party. *Railway Co.* v. *Mahoney,* 89 Tenn., 326, 15 S. W., 652. It has also been held that, if the record fails to show the grounds upon which new trials are granted, this court will presume that they were granted on the merits, and not for errors of law, and the party who seeks to sustain the action of the court must be able to show from the record that the new trials were granted upon some other ground. *Turner* v. *Ross,* 1 Humph., 16; *Ferrell* v. *Alder,* 2 Swan, 77; *East Tenn. & Ga. R. Co.* v. *Hackney,* 1 Head, 169; *Burton* v. *Gray, Kirkman & Co.,* 10 Lea, 582; *Knoxville Iron Co.* v. *Dobson,* 15 Lea, 416. This is but an additional reason for trial judges promulgating and enforcing rules like

Jacks v. Lumber Co.

the one under consideration, and of itself is sufficient reason for this court enforcing them. It preserves of record an accurate history of the motion for a new trial, which, under the section of the Code above referred to, the successful party must show in order to have the benefit of the two verdicts. The judgment of the court of civil appeals, reversing the case, is reversed, and that of the lower court is affirmed.