## E. B. MEYER v. C. N. & BETTIE COOPER.

Western Section.   July 15, 1927.

Petition for Certiorari denied by Supreme Court, February 4, 1928.

1. **Appeal and error.   Appellate court will not consider weight of evidence in a jury trial coming from a chancery court.**
   In an appeal from a jury trial coming from a chancery court and where the appeal is on the issues submitted to the jury, the appellate court looks only to the sole question of whether or not there is any material evidence to sustain the verdict of the jury.

2. **Evidence.   Parol evidence is not admissible to change or alter a written agreement.**
   Where error was assigned for refusing to admit testimony in regard to the understanding of the parties and it was shown that they had later entered into a written contract which fully covered the subject, held that the parol evidence was not admissible.

3. **Trial.   Court properly answering the question of a juror held not error.**
   Where at the close of the trial one of the jurors asked the court in regard to a certain point of law and the court answered the juror, correctly stating the law, held that although that point was not for the jury to consider, the court's action did not constitute reversible error.

4. **Mortgages.   Where a deed of trust is given to secure several notes, all notes share equally in the security.**
   Where a series of notes were all secured by a common deed of trust and a common security, the holders of the notes are entitled to share pro rata in case the security is not sufficient to pay all.

5. **Mortgages.   The fact that some notes secured by a common deed of trust are endorsed and others are not does not alter the rule of common security.**
   Where land was sold subject to a deed of trust which secured several notes and a part of the notes were endorsed by the seller and later the deed of trust was foreclosed and the sale price pro rated between the notes, held that the money was properly pro rated and that the notes which were personally endorsed were not entitled to any priority.

Appeal from Chancery Court, Shelby County; Hon. D. W. De-Haven, Chancellor.

Affirmed.

Edgar Webster, of Memphis, for appellant.

W. C. Rogers, of Memphis, for appellee.

OWEN, J.   The defendants C. N. Cooper and wife, Bettie Cooper, have appealed from a decree rendered against them in the chancery court of Shelby county in favor of the complainant, E. B. Meyer. It appears that some three years prior to the institution of this suit the defendants sold a farm in Union county, Mississippi, to one, Joe Underberg.   Underberg executed ten notes, payable annually, in consideration for the farm conveyed by the Coopers.   The notes

were secured by a trust deed on the farm. The notes were payable to bearer. It appears that the defendants transferred or traded these notes that were executed by Underberg to the complainant for a house and lot in Memphis, Tennessee. The complainant took the ten notes. The defendants endorsed four of the notes that were for $500 each, being the first four to mature of the ten. It appears that Underberg sold the property to a man named Berry, and Berry assumed the Cooper notes. He paid the first note. The second note Berry paid in part, and procured Meyer to grant an extension on this note. Berry did not make any further payments, and after the property was advertised for sale on three different occasions, the trustee named in the trust executed by Underberg, Mr. Whitten, advertised the property twice, but by consent the sale at each time was postponed. Mr. Whitten resigned as trustee and a Mr. Thomas was appointed as substitute trustee. Thomas sold the property. Meyer, the complainant, became the purchaser. The trustee pro rated the amount he received on the Underberg indebtedness, each note sharing equally. The net amount in the trustee's hands paying approximately forty per cent of Underberg's indebtedness. The complainant filed his bill in the instant case to collect from the Coopers, as endorsers or grantors, the deficiency on the three notes that they had endorsed, which had not been paid. The defendants answered, denying any liability. They insisted; First: That as to the note on which credits had been entered Meyer had extended payments to Berry, who had assumed the obligation of Underberg without knowledge or consent of defendants; Second: That they had only obligated themselves to see that the real estate brought $2,000, and that they had endorsed the notes conditionally, and that the real estate had brought more than the $2,000, which they had guaranteed; Third: That the trustee should have paid the notes that matured first out of the proceeds of the sale. A jury was demanded, and tried certain issues submitted in this case. The first issue was— Did the Coopers agree to an extension of note No. 2? The jury answered this in the negative. The second issue was—Did the Coopers endorse the three notes sued on conditionally? The jury answered this in the negative. The court held, as a matter of law, that the trustee acted properly in pro rating the net amount on the nine unpaid notes, and a judgment was entered against the Coopers for the balance due on notes 3 and 4 that they had endorsed. The defendants seasonably filed a motion for new trial. After this was overruled they also filed a motion for a judgment, notwithstanding the verdict of the jury. This motion was likewise denied. Defendants excepted, prayed and were granted an appeal to this court, perfected the same and have assigned five errors. By the first error it is insisted that a new trial should have been granted, because the weight and preponderance of the evidence was in favor of the defendants on

issue of fact No. 2. This is an assignment that cannot be considered in this court for all jury trials coming from the chancery court are on issues submitted to the jury. This court looks to the sole question of whether or not there is any material evidence to sustain the verdict of the jury, and in determining whether or not there is such evidence, the strongest legitimate view of the testimony against the losing party is, by this court, taken as true. Railroad v. House, 96 Tenn., 552 35 S. W., 561; Citizens Rapid Transit Co. v. Seigrist, 96 Tenn., 120, 33 S. W., 920; Kirkpatrick v. Jenkins, 96 Tenn., 85; 33 S. W., 819.

Assignment Two. The court erred in not rendering a judgment for the defendants, notwithstanding the verdict of the jury, because, the law in Tennessee is, that it is the duty of the trustee to apply the proceeds of the sale of real estate to those notes secured by personal endorsement, when demand is made by the endorser. And, if demand is made on the holder of the notes, and application is not made, according to the request, a court of equity will consider that as done which ought to have been done, and make application according to the intrinsic justice of the case.

Assignment Three. The Court erred in failing and refusing to permit the defendants to show, by the witness, N. C. Whitten, that on the 23rd day of April, 1926, an oral agreement was entered into between the complainant and the defendants, to the effect that E. B. Meyer would file or cause to be filed, by his attorney, Thomas, a bill in the chancery court of Union county, Mississippi, submitting to that court, the controversies that then existed between the parties, and asking that the court apply the proceeds of sale according to the intrinsic justice of the case.

Assignment Four. The court erred in failing and refusing to grant the following special charge, tendered by the defendants, to-wit:

> The court charges you that it was the duty of the trustee to apply, as far as they would go, the proceeds of sale, to the payment of the notes endorsed by the defendants.

Assignment Five. The court erred in charging the jury in the following language, to-wit:

> "Juror: Is it permissible to ask one question? Court: You may.
>
> "Juror: One of the attorneys made the statement that the proceeds of a sale in Tennessee and Mississippi must be pro rated on all notes. Court: The court will tell the jury that, under the law of the State of Tennessee, the proceeds of a sale, arising from the foreclosure of a deed of trust, must be pro rated among all unpaid notes; and that the law of Mississippi has not been pleaded in this case, and hence the court will assume that the law in Mississippi is the same as in Tennessee."

As to assignment No. 3, at the time the second sale was to take place the attorneys for complainant and defendants entered into a written contract. They had quite a lengthy controversy as to how the proceeds of the sale was to be applied. This took place in the courthouse of Union county, Mississippi. Defendants insists that the complainant agreed that he would file a bill in Union county, Mississippi, asking the chancery court of that county to decree to whom the money was to be paid. No sale however took place, and after this controversy and conversation the complainant and defendants, through their attorneys, entered into a written agreement and nothing was said in the written agreement about filing any bill in the chancery court of Union county. The trustee, Mr. Whitten, testified in the instant case that the written agreement was the last and final say of the parties. We are of opinion that there was no error excluding the testimony of Whitten as to any parol agreement as to filing a suit by the complainant in Union county, Mississippi. Parol evidence is not admissible to change or alter a written agreement. Parol evidence is admissible to supply, but not to explain the terms of a written instrument. Snodgrass v. Ward, 3 Hayw., 40; Nashville Life Insurance Co. v. Matthews, 8 Lea, 499. Furthermore it doesn't appear that the defendants are prejudiced or injured by the suit being brought in Shelby county, Tennessee, where both the complainant and defendants reside. The third assignment of error is overruled. The second, fourth and fifth assignments will be considered together, as they raise but one question, and that is, did the court properly decree in pro rating the fund arising from the foreclosure of the lands or should the first maturing notes have been canceled. The fifth assignment of error arose by a statement made by the court to the jury in answer to a question propounded by one of the jurors. The court was not in error in answering the question although under the issues submitted to the jury, the jury had nothing to do with pro rating the proceeds of the sale of the land. It is the insistence of learned counsel for the appellants that payments must be applied on the debt for which the debtor has given notes, secured by personal endorsement, when demand is made by the endorser, rather than to those notes the maker may owe singly, and a court of equity will apply the payment in accordance with the intrinsic justice of the case. Counsel in support of his assignments relies upon the doctrine announced in Southern Construction Company v. Halliburton, 22 Thomp., page 319. Bussey v. Grant, 10 Hum., 236 and Lipman v. Boals, 16 Lea, 283. All of these cases cited and relied on can be distinguished from the instant case in this. In those cases it is a contest between the debtor and his creditor. The debtor, Underberg, is not contesting in the instant case. The defendants, the Coopers, by the verdict of the jury are liable, as endorsers and guarantors of the two notes, for

which judgment has been pronounced. Their endorsement gave the complainant additional security on the notes they transferred to him and especially the ones they endorsed. The doctrine announced in Lipman v. Boals, supra, was that credit should be applied in the order of time, so that the earliest obligations standing should be extinguished first. That was really for the benefit of the creditor, so that the debtor could not have the benefit of the statute of limitations, and furthermore it was also a contest between creditors of an estate and the court extinguished the first or oldest debts, so as to place all creditors upon an equal footing. One of the latest cases in Tennessee similar to the instant case is that of Fidelity Trust Company v. Orr et al., 154 Tenn., page —; 289 S. W., 501, in which the Supreme Court held that;

". . . But neither an assignor of notes, nor another whose equity arises no higher, can compete, as a holder of the other notes secured by the same mortgage, with the assignee, if the assignor has endorsed the assigned notes so as to become liable thereon. If the original holder transferred a part of the notes by endorsement for value, he thereby becomes a surety to the endorsee, and if he afterwards becomes insolvent, neither he nor his assignee, for the benefit of the creditors, can receive payment out of the proceeds of the sale of the mortgaged premises until the holder of the notes so transferred are paid in full.

. . . " 'If the transferor, in making the transfer of a part of the debt, makes himself expressly liable, by guarantee or otherwise, for the payment of that part, if, for instance, he may do so by indorsing part of the notes given for the debt, he cannot assert any right to participate in the mortgage fund, until the part of the debt for which he is thus liable has been paid.'

"Notes given for the purchase money of land, secured by a lien on the land sold, are entitled to equality or satisfaction, without reference to the time of their maturity or assignment," etc. Andrews v. Hobgood, 1 Lea. (69 Tenn.), p. 693.

"Several notes maturing at different dates, secured equally by a trust deed on the same land, are entitled to share the security pari passu. In such cases if the owner of one note, knowing that the others are unpaid, procures a sale by the trustee for the payment of his note only, and purchases the land at less than one-third its value, the owner of the other notes having no notice of the sale, such purchaser, and those redeeming from him, take the land subject to the lien of the trust deed in favor of the other unpaid notes. Shields v. Dyer, 2 Pick. (86 Tenn), 42.

"It is too clear for argument that—the deed of trust from Bell to Whiteman being intended to secure all the four notes executed by Bell to Roberts and Lonas, and giving no preference

to any one of these notes over the others—the proceeds of sale, if insufficient to pay the whole debt embraced, should be applied pro rata to the satisfaction of each of the notes. Equality is equity in such cases and so it has been expressly decided.'' Ewing v. Arthur, 1 Hum. 537. . . .

''The rule adopted in Tennessee is, that the assignees of several notes share pro rata if there is nothing in the contract of assignment, or in the intention of the parties to vary the rule. Graham v. Campbell, — Meighs 52; Roberts v. Francis, 2 Heisk., 133; 1 Lea, 693; 4 Bax., 418; 1 Hum., 537; 13 Lea, 353. This rule is in accord with the great weight of authorities.'' Nashville Trust Co. v. Smythe, 10 Pick. (94 Tenn.), 524.

''Where a series of notes all secured by a common deed of trust and a common security, the holders of the notes are entitled to share pro rata in case the security is not sufficient to pay all.'' Green v. Morris, 117 Miss., 635; 78 So. 550.

To the same effect is the case of Couret v. Conner, 118 Miss., 374; 79 So., 230.

Under the authorities in Tennessee and the weight of authority throughout this country the proper distribution of funds arising from the foreclosure of a deed of trust, as in the instant case, should be pro rated on all the indebtedness remaining unpaid accordingly, for the trust deed was executed for the purpose of securing the entire indebtedness, and each note stands on an equal footing with the other notes, regardless of time as to maturity. It results that there is no error in the decree of the lower court. All the assignments are overruled. The judgment of the lower court is affirmed. The complainant will recover of the defendants and their security on appeal bond the amount of the judgment rendered in the lower court, with interest thereon from the date of its rendition, and all the costs of the cause, for which execution will issue.

Heiskell and Senter, JJ., concur.