## AMERICAN UNION INSURANCE COMPANY OF NEW YORK v. N. P. HORTON.

Eastern Section.   July 9, 1932.

Petition for Certiorari denied by Supreme Court, October 18, 1932.

T. R. Bandy, of Kingsport, for plaintiff in error.

Charles T. Herndon, Jr., of Kingsport, and John Blevins, of Blountville, for defendant in error.

OWEN, J.  N. P. Horton, hereinafter called plaintiff, obtained a judgment against the American Union Insurance Company of New York, hereinafter called defendant, on a policy of insurance issued by said defendant on the house or residence of the plaintiff located in Kingsport, Tennessee.

A policy for $3500 had been issued on plaintiff's residence and $100 on his garage. The insurance company admitted that the residence had been practically destroyed by fire, but denied the amount of the damages claimed by plaintiff.

The Insurance Company further, by a plea of defense, averred that the fire destroying plaintiff's residence was of incendiary origin; that the plaintiff either personally or by collusion with others, undertook to destroy said residence and the contents therein by setting fire thereto, and for this reason refused to pay the losses claimed.

Replication was had on this special plea. At the March Term of the Law Court of Kingsport in 1931, plaintiff recovered a judgment for $3600. A new trial was granted the defendant. The case was again tried. At the July Term of 1931 of said Court, plaintiff secured a verdict for $1800. This verdict was set aside, and a new trial granted.  At the November Term, 1931, of said Court, the plaintiff secured a verdict for $2625. Upon a motion for a new trial, this verdict was credited with $1892.18, or in other words the Trial Judge ordered a remittitur of $1892.18, which amount represented what the defendant insurance company had paid the mortgagee who had a mortgage on the plaintiff's property that was burned, and there was a loss payable clause to said mortgagee written on the policy. After ordering the credit or remittitur, the motion of the defendant was overruled. An appeal was prayed and perfected. A proper bill of exceptions was signed, and the defendant assigned six errors filed April 30, 1932. And on May 2nd, by leave of Court, the defendant was permitted to assign an additional error, known as error No. 7.

On May 2, 1932, the plaintiff Horton filed a motion to affirm the judgment. The grounds of said motion being that the bill of exceptions filed by the appellant does not state that it contains all of the evidence introduced on the trial of the cause.

The motion also called the attention of the Court to an insistence that the assignments of error and the brief of the plaintiff was not prepared in compliance with the rules of this Court.

On page 193 of the Transcript we find at the bottom of the page this statement, "This was all the evidence introduced on the hearing of this cause."

There was evidence heard on the motion for a new trial, and the bill of exceptions fails to state that it contains all the evidence heard on the motion for a new trial, but we do not have to consider the evidence heard on the motion for a new trial. And the bill of exceptions shows that it contains all the evidence that was submitted to the jury. The motion to affirm or dismiss the appeal is overruled. The assignments of error and brief of the counsel for the defendant comply sufficiently with the rules of this Court.

It is insisted by the seven assignments of error as follows:

(1) There is no material evidence to support the verdict.

(2) The verdict is contrary to the law and the evidence. This assignment is overruled because it is too general.

(3) The Court should have sustained defendant's motion for a directed verdict made at the conclusion of all the evidence.

(4) The Court should have sustained defendant's motion for peremptory instructions at the close of plaintiff's evidence.

(5) That the Court erred in refusing to give at the request of the defendant, a special request which covers more than two pages of counsel's brief, and which special request, it is not necessary here to set out. We cannot consider the same for two reasons: (a) We are not cited to any page of the Transcript where this special request can be found so the rules of our Court have not been complied with, which requires that the pages of the Transcript shall be cited when complaint is made that the Court refused a special request. (b) Furthermore the Transcript does not show that any special request was offered at the conclusion of the Court's charge. The Court's charge begins at the top of page 194 and ends on page 196 of the Transcript, and immediately following the conclusion of the charge is the motion for a new trial. This assignment is overruled.

(6) That the Court erred in not setting aside the verdict on the ground of prejudice and passion exhibited by the jury.

(7) That the Court showed affirmatively when he overruled the motion for a new trial that he disapproved the verdict of the jury.

There is also an error assigned on allowing interest from the time of the destruction of the property and in not calculating interest from the time the proofs were submitted.

When the motion for a directed verdict was made, it was insisted that the plaintiff while he might have been out of the city at the time the fire occurred, he did know of plans and preparations to fire the building. The Court in overruling the motion said, "The circumstances look suspicious, but I can't direct a verdict at this time. That

is a question for the jury." That motion was made at the conclusion of plaintiff's evidence. It was renewed at the conclusion of all the evidence, and again overruled. The Court fully charged the defendant's theory as to its insistence that the fire was of incendiary origin, and the plaintiff either fired the house or caused it to be burned.

The fire occurred about 3:20 A. M., Tuesday, March 11, 1930. The plaintiff and his wife occupied the burned premises as their home. On March 10th, the day before the fire, the plaintiff was in his home about 1:00 or 2:00 o'clock in the afternoon. He had just returned from Rogersville where he had been several days attending Court. Upon returning home he learned that his brother, who lived near Morristown, sixty-five miles from Kingsport, plaintiff's home, was quite ill. Plaintiff's wife had been staying with a married daughter for about a week prior to the fire. The daughter was better upon plaintiff's return to his home. The plaintiff and his wife on the afternoon of March 10th went to visit plaintiff's brother. Defendant's counsel admits that the plaintiff's alibi is perfect as shown by numerous witnesses that the plaintiff was in his brother's home all the night of March 10th.

There is no question but what someone purposely set the house afire. Some of the plaintiff's household goods, comforts, curtains, etc., were found in a sack 75 or 100 yards from plaintiff's home sometime after the fire.

It is the defendant's insistence that the plaintiff procured someone that caused the fire. It is the plaintiff's insistence that the house was robbed and the fire was caused to cover up the robbery.

It appears that the first persons, who reached the house at the time of the fire found the front door locked, but whether the back door was locked or any windows were up, the firemen were unable to tell. The proof also indicated that any ordinary key would lock and unlock the front door of plaintiff's home and his home was similar to several homes that had been built in Kingsport by the same contractor.

"If there is any material evidence to sustain the verdict of the jury, its verdict is conclusive." Meyer v. Cooper, 6 Tenn. App., 38; Scruggs v. Heiskell, 95 Tenn., 456, 32 S. W., 386; McElya v. Hill, 105 Tenn., 319, 59 S. W., 1025; Continental Insurance Co. v. Schulman, 140 Tenn., 481, 205 S. W., 315; Hines v. Partridge, 144 Tenn., 219, 142, 231 S. W., 16.

"This Court looks to the sole question of whether or not there is any material evidence to sustain the verdict of the jury and, in determining whether or not there is such evidence, the strongest legitimate view of the testimony against the losing party, is, by this Court, taken as true." Meyer v. Cooper, 6 Tenn. App., 38; R. R. v. House,

96 Tenn., 552, 35 S. W., 561; Citizens Rapid Transit Co. v. Segrist, 96 Tenn., 120, 33 S. W., 920; Kirkpatrick v. Jenkins, 96 Tenn., 85, 33 S. W., 819.

"All other than determinative issues are immaterial and this Court looks only to the verdict of the jury on the material issue." Wright v. Jackson Const. Co., 138 Tenn., 145, 196 S. W., 488.

"After verdict for plaintiff, this Court accepts as to the established facts in this case the version of the plaintiff as to the controverted question of fact." Fairbanks-Morse Company v. Gambill, 142 Tenn., 633, 222 S. W., 5.

We find evidence supporting the plaintiff's theory, that he did not individually, or procure anyone to cause the fire.

The defendant proved suspicious circumstances against the defendant, proved also that the plaintiff had been indicted or arrested several times for being intoxicated, driving a car while intoxicated and transporting liquor. On the other hand the plaintiff produced a number of witnesses who testified that his reputation for truth and veracity was good.

We are of the opinion that the Court was not in error in refusing a directed verdict in favor of the defendant, and we find material evidence to support the jury's verdict. It appears that the Trial Judge had sustained two motions for the defendant and granted two new trials in favor of the defendant, the Trial Judge not being satisfied with the weight and preponderance of the evidence as to the first and second trials.

In overruling the motion for a new trial, which is made the basis for assignment No. 7, the Court said:

"I have investigated the statutes with reference to the third verdict of the jury being set aside, and it seems that the Courts hold that where as many as two verdicts have been set aside, on the third verdict, the verdict must stand, although the jury might have ignored the law and evidence in the case. That this plaintiff knew the house was going to be burned, I do not think there is any question. It occurs to me that it is incredible for a man to use all the preparation that was made to burn the house; made with the material which he admits to have been procured by him; the fact that he was seen there about one o'clock the day of the night on which it was burned, is incredible, and yet I feel bound under the holdings of the Courts in construing the setting aside of the second verdict and the third verdict cannot be set aside. Under the record in this case, I would be bound by it.

"Upon defendant furnishing affidavits of three jurors as to their intention as to rendering the verdict, the Court would then have reconvened the jury, but two or more of them were out in the coun-

try; but under those affidavits as to the intention of the jury, and even if there had been no affidavits appearing in the record, the insurance company had paid some eighteen hundred dollars to lift the mortgage on the property that was owing by the plaintiff, Horton. The verdict of the jury is sustained as to the recovery, with the eighteen hundred dollars, and whatever may have been the exact dollars and cents, credited on the judgment, leaving the judgment in favor of the plaintiff for the difference, which would be the sum of seven or eight hundred dollars. You gentlemen can take such action with reference to the matter as you see fit.''

The Trial Judge stated that the verdict of the jury was sustained as to the recovery, except he thought it was proper to have the judgment credited with the amount the defendant had paid to lift the mortgage on the property of the plaintiff.

It appears that counsel for plaintiff excepted to the Court's remarks as to his oinion on the facts, and counsel stated that he would like to save exceptions to the remarks. Thereupon the Court said:

''I will be glad for you to do that, and put them in the record. I want the higher Court to see them. I am very anxious for them to see them that they may know what I think of the case; and I have no doubt but what they will think the same thing.''

''BY MR. HERNDON: Your Honor, we except also as to the remittitur.''

''BY MR. BANDY: Your Honor please, we except to the action of the Court in sustaining the verdict of the jury.''

To which action of the Court in overruling defendant's motion for a new trial and in allowing the judgment of $732.82, the defendant saved exceptions and prayed an appeal.

Shannon's Code, Section 4850, New Code, Section 8994, provides that, ''Not more than two new trials shall be granted to the same party, in an action at law or upon trial by jury of an issue of fact in equity.'' In Jacks v. Lumber Company, 125 Tenn., 123, 140 S. W., 1066, our Supreme Court in construing this section of the Code, said: ''It has been held that this statute is not applicable to a case in which there is no evidence to support the verdict, and in such case the trial judge may set aside even a third or any subsequent verdict in the same case upon motion of the same party. Railway Co. v. Mahoney, 89 Tenn., 326, 15 S. W., 652. It has also been held that, if the record fails to show the grounds upon which new trials are granted, this court will presume that they were granted on the merits, and not for errors of law, and the party who seeks to sustain the action of the court must be able to show from the record that the new trials were granted upon some other ground. Turner v. Ross, 1 Humph., 16; Ferrel v. Alder, 2 Swain, 77; East Tenn. & Ga. R.

Co. v. Hackney, 1 Head, 169; Burton v. Gray, Kirkman & Co., 10 Lea, 582; Knoxville Iron Co. v. Dobson, 15 Lea, 416.

The Trial Judge stated in overruling the motion for a directed verdict, that the very issue raised by the defendant was a question for the jury. He, in substance, states that he did not think but what there was any question that the plaintiff knew that the house was going to be burned. But after he had granted two new trials on the evidence, that the third verdict could not be set aside. After making the remarks about his opinion, the Court stated that the verdict of the jury is sustained as to the recovery with the $1800 credit. Three juries have passed on the question whether or not this plaintiff caused his home to be burned. They have all returned a verdict against the insistence or theory of the defendant. That was the issue of fact fought out between the parties on three different trials.

We are constrained to hold that there is material evidence to sustain the verdict of the jury, and that under the statute and the holdings of the Supreme Court, the Trial Judge, after granting two trials on the weight of the evidence, could not put his opinion against the last twelve men who rendered the verdict in favor of the plaintiff.

Under the record we are of the opinion that the Court properly ordered the remittitur of $1892.18, leaving a balance of $732.82.

It appears that the jury's verdict fixed the lowest estimate of damages to the plaintiff. The damages or loss as stated by various witnesses was from a little over $2600 to $4500. The defendant having insisted that it was not liable for any amount, and that the policy was not enforceable by reason of the conduct of the plaintiff.

We are of the opinion that the Court properly allowed interest on the recovery from the date of the loss. The allowance of interest in this matter is not error. All the assignments of error are overruled, and the judgment of the lower Court is affirmed, with interest thereon from the date of the rendition of the judgment in the lower Court, for which execution will issue against the defendant and its surety on appeal bond. Execution will issue against the defendant and its surety for all the costs of the cause, including the cost of this appeal.

Heiskell and Senter, JJ., concur.