Ex parte Calhoun.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

Tom J. Davis, and Joe Frassrand, both of Chattanooga, for appellant.

Meacham & Meacham, of Chattanooga, for appellee.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a controversy rising from a proceeding to perpetuate the testimony of a witness under provisions of Code sections 9854 through 9867. Petition was filed in the Chancery Court of Hamilton County on March 9, 1948, and as amended, it alleged that Petitioner and his wife, Naomi Calhoun, were married in Hamilton County on September 21, 1946, and resided in Chattanooga since that date; that on or about March 6, 1948, three days before the petition was filed, the wife wilfully left Petitioner without cause, stating that she would not live with him any longer; that as a result of said alleged desertion, Petitioner fully expects litigation to follow and that said separation will necessitate litigation to settle marital status and property rights; that Petitioner expects, after the necessary waiting period of two years, to sue his wife for divorce on the ground of wilful desertion; and before the expiration of two years, Petitioner apprehends that his wife may bring action against him, demanding a property settlement, maintenance and support; that Petitioner's mother, Mrs. Alice Calhoun, has lived in his home ever since his marriage; has witnessed the conduct and relationship of himself and his wife; that his mother was present when his wife left home and knows the sur-

rounding facts and circumstances; that his mother is the only witness by whom he can prove the facts relative to the conduct of himself and his wife during their marriage; that his mother is 71 years of age, in feeble health, and without her testimony, Petitioner will be unable to disprove any charges that his wife might make against him in any future divorce or separation proceeding, and finally, that Petitioner was innocent of any conduct or action to his wife which justified her alleged desertion of him.

An order to show cause, with a copy of the petition was served on Naomi Calhoun, the wife, on March 10, 1948, and hearing set for March 16, 1948. The wife, through counsel, filed demurrers to the petition and to the petition as amended. The Chancellor overruled the demurrers and ordered the taking of the deposition of Alice Calhoun, Petitioner's mother, before the Clerk and Master. This appeal is the result of that order, and is "from the decree overruling her demurrer and ordering the deposition of Alice Calhoun to be perpetuated."

The numerous assignments of error go far beyond the proper scope of the appeal. By the first assignment of error, it is insisted that the petition was insufficient to justify an order to perpetuate testimony, because (1) there was no dispute between the parties, (2) that no threatened action is shown, and (3) that no property rights of either of the parties are shown to be involved.

This proceeding to perpetuate testimony is brought under the authority of the statute, and the petition was drawn to conform carefully with the provisions of sections 9854 and 9855 of the Code, which are as follows:

"9854. Any person may have testimony perpetuated. —Any person may have evidence taken conditionally, to be used in pending or expected litigation, and have the same perpetuated, under the provisions of this chapter.

"9855. By petition to a judge.—He shall present a petition, in writing, to the judge of the circuit or chancery court, setting forth the reasons for the application, the subject-matter of controversy, the names of the parties interested, and the names of the witnesses, and praying that their depositions be taken and perpetuated."

██ Under this, the judge before whom the petition is filed is vested with discretion to determine the validity of reasons given and the bona fides of Petitioner. Evidently the averments of the petition, as filed, met the requirements of the foregoing sections of the Code.

█ By the second and third assignments of error it is complained that the Chancellor erred in entering the order to take the deposition of Alice Calhoun without permitting Naomi Calhoun or her counsel to make further defense. We find no merit in these assignments since the record does not disclose that Naomi Calhoun nor her counsel made any attempt, whatever, to make such further defense in the Chancery Court. After the overruling of the demurrer there, no further plea was tendered or filed. To put the Chancellor in error on that account, such tender was necessary. *Sewell* v. *Tuthill & Pattison*, 112 Tenn. 271, 79 S. W. 376.

█ The remaining assignments of error must be overruled for the same reason, since the matters embodied in these assignments were not brought to the attention of the Chancellor, nor ruled upon, nor pretermitted by him. This Court has no jurisdiction to determine such questions when they are raised for the first time on appeal.

"This (Supreme Court) is a court of appeals and errors, and its jurisdiction can only be exercised upon questions and issues tried and adjudged by inferior courts, the burden being upon the appellant, or plaintiff

in error, to show the adjudication, and the error therein, of which he complains." Rule 14(5), 173 Tenn. 876; *Memphis St. R. Co.* v. *Johnson,* 114 Tenn. 632, 640, 88 S. W. 169; *Wood* v. *Frazier,* 86 Tenn. 500, 501, 8 S. W. 148; *Jacks* v. *Williams-Robinson Lumber Co.,* 125 Tenn. 123, 140 S. W. 1066; *Hobbs* v. *State,* 121 Tenn. 413, 118 S. W. 262, 17 Ann. Cas. 177; *Tennessee Central R. Co.* v. *Brown,* 125 Tenn. 351, 143 S. W. 1129.

All assignments of error are overruled and the decree of the Chancellor is affirmed.

All concur.