Jeanie L. McCORMIC and Judith Clark,
Plaintiffs-Appellees,

v.

Lloyd SMITH, Richard Sharpe, Fred
Smith and Keven Peterson,
Defendants-Appellants.

Supreme Court of Tennessee,
at Nashville.

Nov. 7, 1983.

Jenks L. Hackney, Jr., Nashville, for plaintiffs-appellees.

Edward F. Bell, Nashville, for defendants-appellants.

## OPINION

HARBISON, Justice.

This case involves a dispute between tenants, appellees here, and their landlords, who are the appellants. The tenants initiated the action which was brought both at common law and under the Uniform Residential Landlord and Tenant Act, T.C.A. §§ 66–28–101 to –516. The landlords counterclaimed. Each side sought counsel fees pursuant to the terms of the statute, and a jury trial was demanded.

After a lengthy trial the jury awarded accrued rentals to the landlords but rendered a slightly larger judgment to the tenants for damages, both compensatory and punitive. The jury also reported that the tenants were entitled to recover attorneys' fees but did not set an amount.

None of the parties filed a motion for a new trial, but in post-trial proceedings the trial judge undertook to receive affidavits and herself to set the amount of the fees to be awarded to counsel for the tenants. If an evidentiary hearing was held on this matter, it is not reflected in the order of judgment.[1] From the final judgment the landlords gave notice of appeal as of right pursuant to Rule 3, T.R.A.P. The only issues on appeal dealt with the correctness of the action of the trial judge in setting an attorney's fee post-trial (and, apparently, ex parte on affidavits).

The Court of Appeals held, however, that because appellants did not file a motion for a new trial after entry of the judgment setting counsel fees, the appeal could not be considered. The Court relied upon the following portion of Rule 3(e), T.R.A.P.:

"An appeal as of right to the Supreme Court, Court of Appeals, or Court of Criminal Appeals shall be taken by timely filing a notice of appeal with the clerk of the trial court as provided in Rule 4 and by service of the notice of appeal as provided in Rule 5. An appeal as of right may be taken without moving in arrest of judgment, praying for an appeal, entry of an order permitting an appeal or complaince with any other similar procedure. Provided, however, that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived."

The Court of Appeals cited the case of *Memphis St. Ry. Co. v. Johnson*, 114 Tenn. 632, 88 S.W. 169 (1905), for the proposition that whether an error alleged is that of the court or of the jury, it is necessary that a motion for a new trial be made. In that case there had been a jury verdict for the plaintiff in a personal injury action. The defendant filed a motion for a new trial which was overruled. On appeal the defendant sought to have the appellate court consider issues which were not presented in the motion for a new trial. The Court declined to consider these issues which had to do with the admission of certain evidence offered by the plaintiff over objection and the refusal to give certain jury instructions.

That case appears to have been correctly decided under the procedures prevailing both then and now. Had the issue raised by appellants dealt with events occurring during the trial of the case or in connection with the rendition of the jury verdict, then, of course, it would have been within the purview of Rule 3(e), T.R.A.P.

The issue, however, dealt with the action of the trial judge after the trial in herself undertaking to set a fee and fixing the amount thereof without an evidentiary hearing and, allegedly, in violation of the right of appellants to have the jury set the fee since there had been a jury demand as to all issues.

One member of the Court of Appeals, concurring in the decision, noted that appellants were not dissatisfied with the verdict of the jury or the judgment rendered thereon, nor did they raise any issue as to any event occurring during the trial. That member concluded:

1. The jury awards and the original order that appellants be taxed with counsel fees was entered on June 9, 1982. Two days later appellants filed a motion under Rule 59.03 T.R.C.P. to alter or amend this order. A second order of judgment was entered on July 30, 1982 revising somewhat the first order. A third order of judgment, fixing counsel fees and the one sought to be reviewed on appeal, was entered August 17, 1982. Appellants' notice of appeal referred only to this third and final order.

"It does not seem reasonable that a litigant should be required to move for a new trial to correct the action taken by the trial judge subsequent to the jury trial and verdict. If Rule 3e creates this anomaly, it should be amended."

■ In our opinion, the rule does not create such an anomaly, and the construction thereof by the Court of Appeals was unduly restrictive. By its terms, the rule applies only to cases tried by a jury. The fee fixed by the trial judge in the present case was not fixed by the jury nor was the amount thereof even submitted for jury consideration, insofar as we can ascertain. Unless appellants otherwise waived the issue or in some other manner acquiesced in the procedure followed by the trial judge, the question should have been considered by the Court of Appeals. We specifically hold that appellants did not waive the issue by failing to file a motion for a new trial or other motion under Rule 59, T.R.C.P.

■ As stated previously, in our opinion, the case cited by the majority, *Memphis St. Ry. Co. v. Johnson, supra,* was correctly decided upon the issues and facts presented to the Court. It does not, however, stand for the proposition that all errors of the trial judge, committed after trial and without participation by the jury, must be brought back for further consideration by the trial court on a motion under Rule 59, T.R.C.P. before such issues can be considered on appeal. The requirement of a motion for new trial was indeed more rigid in the past, and it was at times carried to great extremes. For example, it formerly was the rule in this state that where the trial judge set aside a jury verdict for the plaintiff upon the defendant's post-trial motion and directed a verdict for the defendant, the plaintiff could not have that action reviewed unless he himself then filed a further, additional motion in the trial court. *See Howell v. Wallace E. Johnson, Inc.,* 42 Tenn.App. 15, 298 S.W.2d 753 (1956). This rule was expressly changed by the adoption

of Rule 50.05, T.R.C.P. The language of Rule 3(e) of the Appellate Rules is consistent with Rule 50, T.R.C.P., and is limited to issues which were tried to the jury, to jury misconduct and to other events occurring during a jury trial or in some other way involving the jury, its verdict or instructions to that body. It was not intended to apply to actions of the trial judge such as those involved in the present case.

The majority of the Court of Appeals stated:

"Where an appellant is dissatisfied with the verdict of the jury, it is necessary to file a motion for a new trial."

This statement, insofar as it goes, is correct, but in the present case appellants were in no way dissatisfied with the jury verdict. The excess of the judgment awarded to the tenants over that awarded to the landlords was small, and appellants apparently have acquiesced therein. Their complaint is not with the jury verdict but with the action of the trial judge in undertaking herself to set a fee, with the amount thereof, and with the procedures involved in setting that amount.

■ When the rules governing appellate procedure were revised, the motion for a new trial was retained as an important step of post-trial and appellate procedure in jury cases. This was done so that the trial judge might be given an opportunity to consider or to reconsider alleged errors committed during the course of the trial or other matters affecting the jury or the verdict, such as alleged misconduct of jurors, parties, or counsel which either occurred after the trial or could not reasonably have been discovered until after the verdict. Motions for a new trial have been optional, not mandatory, for many years in non-jury cases.[2] Under Rule 59, T.R.C.P., a party may request a trial judge in a non-jury matter to reconsider actions which the judge has taken, but this is not, nor should it be, a prerequisite to appellate review of those actions.[3]

2. See T.C.A. § 27–3–103 (now repealed and governed by Rule 3, T.R.A.P.).

3. It once was required that there be a motion for a new trial even in workers' compensation cases, but this has long since been discarded.

Although this case involved a jury trial, the post-trial proceedings sought to be reviewed were not related to any error embraced within Rule 3(e), T.R.A.P. We have noted above that the requirements of that rule with respect to post-trial motions do not pertain to all actions taken by a trial judge after the verdict of a jury has been rendered. Other examples than those mentioned above could be cited. For example if a trial judge suggests a remittitur after verdict and upon defendant's post-trial motion, the plaintiff is not required to file another post-trial motion in order to accept the remittitur under protest and to seek appellate review.[4]

■ In this case appellants had already made one post-trial motion under Rule 59, T.R.C.P., as noted in footnote 1, *supra.* This was granted in part, and a revised judgment entered. In both the original judgment order, however, and in the revised order, the trial judge stated that she would set counsel fees at a later time. This she did by an order entered August 17, 1982, reciting that the matter had previously been taken under advisement and the subject of fees given "due consideration." It was only from this order that review has been sought on appeal. Appellants were not required to file a second Rule 59 motion to obtain that review. Even where applicable, Rule 59, T.R.C.P., and Rule 3, T.R.A.P., do not require more than a single motion as a prerequisite to appellate review.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for disposition of the issues originally presented on appeal. Costs incident to the appeal to this Court are taxed to appellees; the Court of Appeals will fix all other costs.

FONES, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.

In 1969 post-trial procedure in those cases was made consistent with that in other non-jury actions. *See Escue v. Lux Time Div. of Robertshaw Controls,* 225 Tenn. 533, 472 S.W.2d 228 (1971).