IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 27, 2002 Session

## STEVEN R. BELFORD v. J & J PLASTERING, INC., ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 99C201     Jacqueline E. Schulten, Judge**
**FILED OCTOBER 30, 2002**

**No. E2001-02575-COA-R3-CV**

---

Steven R. Belford (Plaintiff") sued Danny W. Cox ("Cox") and J & J Plastering, Inc., ("Company") after he was rear-ended by a vehicle owned by the Company and driven by Cox. The jury returned a verdict for $9,000 in favor of Plaintiff. Plaintiff appealed to this Court without first filing a motion for new trial. Plaintiff raises four issues on appeal, all of which center around the exclusion or admission of evidence at trial. Because Plaintiff did not raise these issues in a motion for new trial, we deem them to be waived and dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of**
**the Circuit Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Morgan G. Adams, Chattanooga, Tennessee, for the Appellant Steven R. Belford.

Robert A. Crawford, Knoxville, Tennessee, for the Appellees J & J Plastering, Inc., and Danny W. Cox.

### OPINION

### Background

This lawsuit arises out of an automobile accident which occurred on March 16, 1998, in Hamilton County. Plaintiff claimed a vehicle being driven by Cox and owned by the Company (collectively referred to as "Defendants") collided with another vehicle which, in turn, "slammed" into Plaintiff's vehicle. Plaintiff alleged in his complaint that while there was no substantial property damage to his vehicle, he suffered a whiplash type injury resulting in personal injury, lost wages, etc. Pursuant to Tenn. Code Ann. § 24-5-113, Plaintiff attached to the complaint a copy of his medical

bills from Total Health Chiropractic. The parties later entered into an Agreed Stipulation of the Parties pursuant to Tenn. Code Ann. § 24-5-113(a)(3), whereby it was stipulated Plaintiff was entitled to a presumption that his medical bills of $3,959 were reasonable and necessary.

Prior to trial, Plaintiff filed a motion in limine seeking to prohibit Defendants from questioning Plaintiff about the reasonableness and necessity of his medical bills. Plaintiff argued that in light of the above-referenced stipulation, Defendants had the burden of proving the medical bills were not reasonable or necessary. According to Plaintiff, since expert medical proof is required to show medical bills are reasonable and necessary absent any presumption that they are, medical proof also must be required to show that they are not reasonable and necessary if they are presumed to be so. Since Defendants had no expert medical proof that the medical bills were not reasonable or necessary, Plaintiff argued Defendants should not have been allowed to attempt to prove the medical bills were not reasonable and necessary via cross-examination of Plaintiff. Plaintiff filed a separate motion in limine seeking to prohibit Defendants from questioning Plaintiff as to how he came to be treated by the chiropractor and when he retained his attorney. Both of the motions in limine were denied by the Trial Court after *voir dire* of the jury was completed. At trial, Defendants were allowed to question Plaintiff regarding: (a) his medical treatment; (b) how he came to be treated by the chiropractor; and (c) when he retained his attorney.

Plaintiff also sought damages related to the towing and storage of his wrecked vehicle. The Trial Court apparently concluded these were not recoverable items of damages and limited testimony and recovery to the difference in value of the vehicle before and after the accident. Plaintiff, therefore, made an offer of proof to the effect that the wrecker bill was $75 and the storage fee was $10 per day. The wrecked automobile apparently remained in storage after the accident because of Plaintiff's claimed inability to pay the costs already incurred.

The jury returned a verdict for Plaintiff in the amount of $9,000 as compensation to Plaintiff for his personal injury and property damage incurred in the accident. Court costs were taxed to Plaintiff in the judgment entered by the Trial Court. Plaintiff filed a motion to alter or amend the judgment claiming these costs should have been taxed to Defendants. Defendants apparently agreed, and an Agreed Order was entered amending the judgment to tax the costs to Defendant. No other post-trial motions were filed.

Plaintiff appeals, "contending that the trial court was in error for refusing to exclude when the plaintiff hired his attorney, how the plaintiff found his doctor, and in allowing the plaintiff to be examined on his medical treatment and the purpose of the treatment. [Plaintiff] further contends that the economic loss associated with this wreck, the storage fees and towing charges, should have been allowed to be presented to the jury."

## Discussion

The four issues raised by Plaintiff on appeal center around either the admission of evidence (i.e. cross-examination of Plaintiff regarding his medical treatment, when he hired his

attorney, and how he came to be treated by the chiropractor), or the exclusion of evidence and/or refusal to charge the jury regarding the wrecker and storage charges incurred by Plaintiff.

In relevant part, Rule 3(e) of the Tenn. R. App. P. provides as follows:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal. . . .

It is undisputed that Plaintiff did not file a motion for new trial raising these issues. Inasmuch as all issues raised by Plaintiff on appeal center around the admission or exclusion of evidence, pursuant to Tenn. R. App. P. 3(e), we deem these issues waived and dismiss this appeal. *See generally Fahey v. Eldridge*, 46 S.W.3d 138, 141 (Tenn. 2001)("It has long been the rule in this state that in order to preserve errors for appeal, the appellant must first bring the alleged errors to the attention of the trial court in a motion for a new trial.").

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant Steven R. Belford, and his surety.

_____
D. MICHAEL SWINEY, JUDGE

-3-