# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned On Briefs November 23, 2010

## STATE OF TENNESSEE v. RALPH WILHOITE

**Direct Appeal from the Circuit Court for Sevier County**
**No. 14236-II     Richard R. Vance, Judge**

---

**No. E2010-00352-CCA-R3-CD - Filed April 26, 2011**

---

After a bench trial, the Sevier County Circuit Court convicted the appellant, Ralph Wilhoite, of driving under the influence (DUI), third offense; violating the implied consent law; and violating the financial responsibility law.  On appeal, the appellant claims that (1) the trial court erred by failing to grant his motion to suppress evidence that was obtained as the result of an illegal arrest for DUI and (2) the evidence is insufficient to support the convictions. Based upon the record and the parties' briefs, we affirm the appellant's convictions for DUI and violating the financial responsibility law but modify his conviction for Class A misdemeanor violation of the implied consent law to non-criminal violation of the implied consent law.  The case is remanded to the trial court for correction of that judgment and for correction of a clerical error on the judgment of conviction for violating the financial responsibility law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed in Part, Modified in Part, and the Case is Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and D. KELLY THOMAS, JR., JJ., joined.

Richard L. Burnette (on appeal) and Bryan E. Delius (at trial), Sevierville, Tennessee, for the appellant, Ralph Wilhoite.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; James B. Dunn, District Attorney General; and Gregory C. Eshbaugh, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

# I. Factual Background

The Sevier County Grand Jury indicted the appellant for DUI, third offense; driving on a revoked license, second offense; violating the implied consent law; and violating the financial responsibility law. The appellant pled guilty to driving on a revoked license, second offense, a Class A misdemeanor, and received a sentence of eleven months, twenty-nine days to be served at seventy-five percent. The trial court held a bench trial for the remaining charges.

Deputy Tim Long of the Sevier County Sheriff's Office testified that about 6:50 p.m. on March 21, 2008, he was on patrol and was dispatched to a wreck on Old Sevierville Pike. When he arrived, he saw a brown Lincoln in the eastbound lane. The car had hit a mailbox and a tree, and several teenagers were trying to pull the car's right front fender away from the tire. The car's driver, who was the appellant, was still sitting in the driver's seat. Officer Long approached the appellant and knocked on the driver's door window. Deputy Long yelled for the appellant to turn off the engine and step out of the vehicle. He said he had to tell the appellant to turn off the engine two or three times before the appellant complied with his instruction. Deputy Long then opened the driver's door, and the appellant got out of the car.

Deputy Long testified that he noticed "a smell of what seemed to be alcohol when [he] opened the door." He and the appellant walked to the front of the car, and the appellant did not stumble. The deputy asked the appellant for a driver's license and proof of insurance, and the appellant said he did not have a driver's license. The deputy asked if the appellant had identification, and the appellant said he had a Tennessee identification card. Deputy Long said the appellant pulled out his wallet to get the card and "seemed like he was fumbling a little excessive for it." He stated that the appellant's speech "seemed a little impaired" but that "I can't say that it was slurred as far as an intoxicated person would be . . . but at the same time [it] was questionable whether or not . . . he had a speech problem or if . . . he had been drinking." Deputy Long said the appellant told him the wreck occurred because the car's "rear end had locked up."

Deputy Long testified that he arrested the appellant for driving on a revoked license. He thought the appellant also had been driving under the influence, but he did not ask the appellant to do field sobriety tests at the scene of the wreck due to the high volume of traffic in the area. Deputy Long stated that because he was going to take the appellant to jail for driving on a revoked license, he planned to have the appellant perform field sobriety tests at the jail, where it was safe. At the sheriff's office, Deputy Long asked the appellant to step into a room adjacent to the booking office, told the appellant he thought the appellant had consumed too much alcohol, and asked the appellant to perform field sobriety tests. The

appellant refused. Deputy Long told the appellant that based on what he had seen and smelled, he was going to charge the appellant with DUI and asked the appellant to submit to a breath test. The appellant said, "No, I'm not doing that. Four beers, you know I'd be over." Deputy Long read an implied consent form to the appellant. The appellant again refused to take a breath test and signed the form.

On cross-examination, Deputy Long testified that the appellant did not have any trouble signing his name on the form. He acknowledged that a transmission shop was about three hundred feet from the wreck site. However, he did not believe it was appropriate to administer field sobriety tests there because he thought it would be safer to administer the tests at the jail. He said he did not investigate whether the rear axle on the appellant's car had locked up. He acknowledged that he originally arrested the appellant for driving on a revoked license and not having proof of insurance.

Michael Gasser testified for the appellant that he worked for Baker's Wrecker Service and towed the appellant's car from the wreck site to the company's impound lot. He said he backed up his wrecker to the Lincoln, hooked the car to the wrecker, and put the car in neutral. As the wrecker began to winch the car, Gasser noticed that the Lincoln's back wheels were locked up. He said that when he arrived at the impound lot to unload the car, the car would not roll off the wrecker because "something" on the car was "locked up." On cross-examination, Gasser acknowledged that he was not a certified mechanic and did not make any repairs to the Lincoln. He said he had "[n]o idea" what was wrong with the car and acknowledged that the problem could have been caused by the wreck.

The State introduced into evidence a certified copy of the appellant's Tennessee Department of Safety driving record and other documents as a collective exhibit. The trial court found the appellant guilty of DUI, third offense, a Class A misdemeanor; violating the implied consent law, a Class A misdemeanor; and violating the financial responsibility law, a Class C misdemeanor. For the DUI conviction, the trial court sentenced the appellant to eleven months, twenty-nine days to be served as one hundred forty days in jail and the remainder on supervised probation. The trial court also revoked the appellant's driver's license for three years and imposed an eleven hundred dollar fine. For violating the implied consent law, the trial court revoked the appellant's driver's license for two years. For violating the financial responsibility law, the trial court sentenced the appellant to thirty days, suspended to time served, and imposed a fifty-dollar fine. The sentences were to run concurrently. On appeal, the appellant contends that the trial court should have granted his motion to suppress evidence and that the evidence is insufficient to support his convictions.

## II. Analysis

-3-

A. Motion to Suppress

The appellant contends that the trial court should have granted his motion to suppress evidence that he refused to take field sobriety tests, refused to submit to a breath test, and told Deputy Long he had consumed four beers. He argues that the evidence was inadmissible because (1) Deputy Long should have issued a citation for driving on a revoked license rather than take him into custody for that offense; (2) Deputy Long lacked reasonable suspicion to believe he was driving under the influence and, therefore, could not ask him to take field sobriety tests or a breath test; (3) his statement about consuming four beers was the result of a custodial interrogation by Deputy Long, who did not read Miranda warnings to him before obtaining his statement; and (4) the trial court's consideration of his refusal to submit to the field sobriety and breath tests violated his constitutional right not to be compelled to give evidence against himself. The State contends that the trial court correctly denied the appellant's motion. We conclude that the trial court properly refused to suppress the evidence.

Before trial, the appellant filed a motion to suppress, claiming that evidence related to the DUI was inadmissible because it was obtained as the result of an illegal arrest for that offense. Specifically, the appellant argued that Deputy Long's observations regarding the smell of alcohol and the appellant's impaired speech did not provide probable cause for arresting him for DUI. Therefore, the trial court could not consider that he refused to take field sobriety tests, refused to submit to a breath test, or told Deputy Long he had consumed four beers as evidence of his guilt.

The evidence at trial also served as the evidence for the motion to suppress. At the close of proof, but before finding the appellant guilty of the offenses, the trial court noted that the testimony was uncontradicted that the appellant wrecked his car, that the deputy smelled alcohol, and that it took the appellant longer than usual to produce his identification. The court also noted that Deputy Long initially arrested the appellant for driving on a revoked license, to which the appellant had already pled guilty. Therefore, the appellant was under lawful arrest for that offense when the deputy took him to jail and asked him to perform field sobriety tests and take a breath test. The appellant refused to take the tests and voluntarily stated he had consumed four beers. Although the trial court did not specifically state that it was denying the appellant's motion to suppress, the court found the appellant guilty of the charged offenses, and we can infer that the court denied the suppression motion.

A trial judge's findings of fact at a motion to suppress hearing are accorded the weight of a jury verdict. See State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981). Accordingly, the trial court's findings of fact are binding upon this court if the decision is

-4-

supported by a preponderance of the evidence. <u>State v. Odom</u>, 928 S.W.2d 18, 22-23 (Tenn. 1996).

Regarding the appellant's first argument, that the evidence obtained at the jail was inadmissible because Deputy Long should have issued a citation for driving on a revoked license rather than take him into custody, the State claims that the issue has been waived because the appellant did not raise it in the motion to suppress or include it in a motion for new trial. We note that the appellant did not file a motion for new trial but that filing such a motion was not required in this case because the trial was a bench trial. <u>See</u> Tenn. R. App. P. 3(e) (providing that prior to initiating an appeal as of right, defendants must file a motion for new trial "in all cases tried by a jury"); <u>McCormic v. Smith</u>, 659 S.W.2d 804, 806 (Tenn. 1983) (noting that a motion for new trial is optional, not mandatory, in non-jury cases).

In any event, the State is correct in that the issue has been waived because the appellant did not raise it in the trial court. <u>See</u> Tenn. R. App. P. 36(a). The appellant replies that we should address the issue as plain error because pursuant to Tennessee Code Annotated section 40-7-118, Tennessee's "cite and release" statute for misdemeanor offenses, Deputy Long was required to issue a citation for driving on a revoked license rather than take him into custody. Therefore, any evidence obtained at the jail was inadmissible. However, as noted by the State, in a case for driving on a revoked license, a police officer may take a person into custody rather than issue a citation. <u>See</u> Tenn. Code Ann. § 40-7-118(b)(3)(C). Moreover, given that Deputy Long thought the appellant was intoxicated and planned to have him perform field sobriety tests at the jail, issuing a citation and releasing him would have jeopardized the prosecution for DUI. <u>See</u> Tenn. Code Ann. § 40-7-118(c)(4) (providing that no citation can be issued and that a person must be taken into custody if "prosecution of the offense for which the person was arrested, or of another offense, would thereby be jeopardized"). Given that no clear and unequivocal rule of law was breached when Deputy Long took the appellant into custody, plain error relief is not available for this issue. <u>See</u> <u>State v. Adkisson</u>, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994) (providing that all five <u>Adkisson</u> factors, including that an unequivocal rule of law was breached, must be satisfied in order to grant plain error relief).

Regarding the appellant's claim that Deputy Long lacked reasonable suspicion to believe he was driving under the influence and, therefore, could not ask him to perform field sobriety tests or take a breath test, Deputy Long testified that he smelled alcohol when he opened the door of the appellant's car. That provided reasonable suspicion for the deputy to ascertain the appellant's sobriety and ask him to do field sobriety tests. <u>See</u> <u>State v. Jashua Shannon Sides</u>, No. E2000-01422-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 364, at *11 (Knoxville, May 16, 2001). Moreover, given that the appellant had just wrecked his car, had impaired speech, and took longer than usual to present his identification, we believe the

deputy had reasonable grounds to request that the appellant consent to a breath test. See Tenn. Code Ann. § 55-10-406(a).

As to the appellant's claim that his statement about consuming four beers was the result of a custodial interrogation, the trial court specifically found that the appellant volunteered the statement. Miranda warnings are necessary in situations involving custodial interrogation. See, e.g., Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980); State v. Dailey, 273 S.W.3d 94, 102-03 (Tenn. 2009). However, in this case, the deputy asked the appellant to take a breath test. Instead of simply saying no, the appellant said, "No, I'm not doing that. Four beers, you know I'd be over." We agree with the trial court that the appellant voluntarily made the statement and that it was not the product of a custodial interrogation.

Regarding the appellant's final claim, that the trial court's consideration of his refusal to submit to the field sobriety and breath tests violated his constitutional right not to be compelled to give evidence against himself, this issue also was not raised in the motion to suppress. Therefore, it is waived. See Tenn. R. App. P. 36(a).

## B. Sufficiency of the Evidence

The appellant claims that the evidence is insufficient to support his convictions. Regarding the DUI conviction, he contends that driving with alcohol on a person's breath, fumbling for a driver's license, and having "a little impaired" speech does not show he was driving under the influence of alcohol. The State contends that the evidence is sufficient. We agree with the State.

When an appellant challenges the sufficiency of the convicting evidence, the standard for review by an appellate court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh or reevaluate the evidence, nor will this court substitute its inferences drawn from the circumstantial evidence for those inferences drawn by the jury. See id. Because a jury conviction removes the presumption of innocence with which a defendant is initially cloaked at trial and replaces it on appeal with one of guilt, a convicted defendant has the burden of demonstrating to this court that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Tennessee Code Annotated section 55-10-401(a)(1), the DUI statute, provides, in pertinent part, that "[i]t is unlawful for any person to drive or to be in physical control of any automobile . . . on any of the public roads and highways of the state . . . while . . . [u]nder the influence of any intoxicant[.]"

The implied consent law states that

> [a]ny person who drives a motor vehicle in this state is deemed to have given consent to a test or tests for the purpose of determining the alcoholic content of that person's blood . . . . However, no such test or tests may be administered pursuant to this section, unless conducted at the direction of a law enforcement officer having reasonable grounds to believe the person was driving while under the influence of alcohol[.]

Tenn. Code Ann. § 55-10-406(a)(1) (2006) (amended 2008, 2009, 2010). The financial responsibility law provides,

> At the time the driver of a motor vehicle is charged with any violation under chapters 8 and 10, parts 1-5, and chapter 50 of this title; any other local ordinance regulating traffic; or at the time of an accident for which notice is required under § 55-10-106, the officer shall request evidence of financial responsibility as required by this section. In case of an accident for which notice is required under § 55-10-106, the officer shall request evidence of financial responsibility from all drivers involved in the accident, without regard to apparent or actual fault. For the purposes of this section, "financial responsibility" means:
>
> > (1) Documentation, such as the declaration page of an insurance policy, an insurance binder, or an insurance card from an insurance company authorized to do business in Tennessee, stating that a policy of insurance meeting the requirements of this chapter, has been issued[.]

Tenn. Code Ann. § 55-12-139(b).

Taken in the light most favorable to the State, the evidence shows that the appellant was driving on Old Sevierville Pike and hit a tree and a mailbox. When Deputy Long arrived and opened the appellant's car door, he smelled alcohol. He asked the appellant to produce a driver's license and proof of insurance, but the appellant only had a state identification card. Deputy Long stated that it took the appellant longer than usual to find the card and that the appellant's speech was impaired. Deputy Long arrested the appellant for driving on a revoked license and not having proof of insurance and took him to jail to administer field sobriety tests. The appellant refused to take the tests. The deputy also asked the appellant to take a breath test, but the appellant again refused. The appellant stated that he had consumed four beers and could not pass a breath test. The evidence is sufficient.

We note that a violation of the implied consent law is not a criminal offense. However, violation of the law is a Class A misdemeanor if committed while driving on a license that is revoked, suspended, or cancelled due to a prior conviction for vehicular assault, vehicular homicide, aggravated vehicular homicide, or DUI. Tenn. Code Ann. § 55-10-406(a)(5) (2006). Moreover, in addition to a revocation of the defendant's driver's license, the punishment for the crime is a fine of not more than one thousand dollars and "a minimum mandatory jail or workhouse sentence of five (5) days, which shall be served consecutively, day for day, and which sentence cannot be suspended." Tenn. Code Ann. § 55-10-406(a)(5) (2006). The judgment of conviction form shows that the trial court found the appellant guilty of violating the implied consent law, a Class A misdemeanor, and revoked his license for two years.[1] Although the appellant had already pled guilty to driving on a revoked license, the State presented no evidence through the witnesses' testimony or the collective exhibit as to why his license had been revoked. Therefore, by not presenting any evidence that the appellant's license had been revoked for one of the prior convictions enumerated above, the trial court could only find that the appellant violated the non-criminal implied consent law.

In addition, according to the sentencing hearing transcript, the trial court ordered the appellant to pay a fifty-dollar fine for violating the financial responsibility law. However, the judgment of conviction form shows that the appellant received a thirty-day sentence in addition to the fine. "This court has previously noted that when there is a discrepancy between what is reflected in the sentencing hearing transcript and what is on the judgment form, the transcript controls." State v. Adrian Porterfield, No. W2006-00169-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 806, at *40 (Jackson, Oct. 15, 2007). In any event, Tennessee Code Annotated section 55-12-139(c) provides that the offense is only punishable by a fine of not more than one hundred dollars. Therefore, the case is remanded to the trial court for

---

[1]The sentencing hearing transcript is silent regarding whether the trial court found the appellant violated the criminal or non-criminal implied consent law.

correction of the judgments to reflect that the appellant was found to have violated the non-criminal implied consent law and that he received only a fifty dollar fine for violating the financial responsibility law.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the appellant's convictions for DUI and violating the financial responsibility law.  However, we modify the appellant's criminal conviction for violating the implied consent law to a violation of non-criminal implied consent and remand the case to the trial court for entry of a corrected judgment.  The case is also remanded for entry of a corrected judgment for violating the financial responsibility law to reflect that the appellant was only to pay a fifty-dollar fine.

_____

NORMA McGEE OGLE, JUDGE