IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2024

## NANCY MEJIA v. SAMINA WAZIR

**Appeal from the Circuit Court for Davidson County**
**No. 22C2536  Thomas W. Brothers, Judge**

_____

**No. M2024-00365-COA-R3-CV**

_____

A homeowner appeals from a jury verdict in a breach of contract action.  The homeowner complains of errors in the conduct of the trial, including the exclusion of key evidence.  Because the homeowner did not present these issues to the trial court in a motion for a new trial, the issues are waived.  And we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and D. MICHAEL SWINEY, C.J., joined.

Samina Wazir, Nashville, Tennessee, pro se appellant.

No brief filed on behalf of the appellee, Nancy Mejia.

**MEMORANDUM OPINION[1]**

**I.**

Nancy Mejia sued Samina Wazir in general sessions court for breach of contract. She obtained a judgment for $6,671.75, the unpaid contract balance, plus postjudgment interest.  Ms. Wazir appealed to the circuit court.

In circuit court, Ms. Mejia filed a more formal pleading.  The complaint alleged that Ms. Wazir agreed to pay Ms. Mejia for specified home improvements.  Ms. Mejia completed the work, but Ms. Wazir never paid.  Ms. Mejia sought $6,921.75 in

_____

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case."  TENN. CT. APP. R. 10.

compensatory damages for breach of contract plus prejudgment interest.

Ms. Wazir filed a countercomplaint for breach of contract. According to her pleading, the work done on her home was shoddy and incomplete. She withheld final payment because Ms. Mejia refused to remedy these deficiencies. The countercomplaint sought $23,562.91 in compensatory damages, the amount Ms. Wazir allegedly paid to complete the renovations and repair or replace the unsatisfactory work.

After a two-day trial, the jury returned a verdict in favor of Ms. Mejia. The jury assessed damages of $6,321 plus prejudgment interest. In quick succession, Ms. Wazir filed: (1) a motion to deny prejudgment interest, (2) a motion for a stay pending appeal, and (3) a notice of appeal. Then the court entered a judgment on the verdict.

Ms. Wazir's motions were heard a couple of weeks later. The court treated her motion to deny prejudgment interest as a motion to alter or amend the judgment. *See* TENN. R. CIV. P. 59.04. But it ruled that Ms. Wazir's notice of appeal rendered the motion moot. *See Spann v. Abraham*, 36 S.W.3d 452, 461 (Tenn. Ct. App. 1999) (recognizing that "[t]he legal effect of perfecting an appeal is to divest the trial court of further authority to act without leave of the appellate court and to vest jurisdiction in the court of appeals."); *but see* TENN. R. APP. P. 4(e) (providing that the premature filing of a notice of appeal does not divest the trial court of jurisdiction to rule on a timely Rule 59 motion). The court denied the motion to stay execution pending appeal. *See* TENN. R. CIV. P. 62.

## II.

On appeal, Ms. Wazir argues that the trial court erred in excluding her documentary evidence, specifically her proof of the cost of repairs and the "documentation detailing the defects and delays." She also contends the court "made several legal errors in applying the law to the facts of the case, particularly in relation to the burden of proof and the standards for evaluating the work." Based on these errors, she asks this Court to reverse the judgment below and remand for a new trial "allowing for the inclusion of the previously excluded evidence."

Under our appellate rules, issues based on the "admission or exclusion of evidence . . . or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought" must first be presented to the trial court in a motion for a new trial. *See* TENN. R. APP. P. 3(e). "[O]therwise[,] such issues will be treated as waived." *Id.* A motion for a new trial gives the trial court an opportunity to correct errors that occurred during a jury trial and possibly avoid an appeal. *McCormic v. Smith*, 659 S.W.2d 804, 806 (Tenn. 1983).

Ms. Wazir filed two post-trial motions. Neither motion was styled as a motion for a new trial. *See* TENN. R. CIV. P. 59.07. Still, our supreme court directs us to "consider

2

the substance of [a post-trial] motion, rather than its form." *Tenn. Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998). When appropriate, we will treat a mislabeled post-trial motion as a motion for a new trial. *See, e.g.*, *State ex rel. Slatery v. Witherspoon Law Grp. PLLC*, No. E2021-01343-COA-R3-CV, 2022 WL 17828855, at *14 (Tenn. Ct. App. Dec. 21, 2022) (reasoning that the litigant's motion "gave the trial court the opportunity to correct an error that, if true, would require the remedy of a new trial"); *Johnson v. Ford*, No. E2011-00486-COA-R3-CV, 2012 WL 1253269, at *10 (Tenn. Ct. App. Apr. 12, 2012) (noting the motion "attempted to attack the jury's verdict by alleging that it was not supported by the evidence"); *Chilton v. Austin*, No. M2001-02891-COA-R3-CV, 2003 WL 237365, at *3 (Tenn. Ct. App. Feb. 4, 2003) (same).

Ms. Wazir's motion for a stay pending appeal was not included in the appellate record. So we decline to treat it as anything other than what its title suggests.

Ms. Wazir's other post-trial motion, a motion to deny prejudgment interest, does appear in the record. Despite the motion's title, its purpose is not entirely clear. We usually give effect to the substance of a motion "according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995); *Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008); *see also Bemis Co., Inc. v. Hines*, 585 S.W.2d 574, 575 (Tenn. 1979) (treating a "Motion to Set Aside Decree and Restore the Cause to the Docket" as a motion for a new trial because it was "clearly ascertainable" from the body of the motion that the appellant sought a new trial). In this motion, Ms. Wazir asked for the denial of prejudgment interest; granting this requested relief alone would not require a new trial. But Ms. Wazir also asserted that she presented evidence at trial showing a "significant amount of true and real damages" caused by Ms. Mejia. In her words, the motion posed "serious legal questions that were presented in the trial" that justified relief. So there is some basis, albeit slight, for reading the motion as a challenge to the jury verdict.

Even so, to preserve issues for appeal, the "issues presented in a motion for new trial must be specified with reasonable certainty so as to enable appellate courts to ascertain whether the issue was first presented for correction in the trial court." *Waters v. Coker*, 229 S.W.3d 682, 689 (Tenn. 2007). Unless the specificity requirement is satisfied, "the matter cannot be considered on appeal." *Id.*; TENN. R. APP. P. 3(e). The specificity requirement has both a factual and a legal component. First, the motion must include a brief description of the factual basis of the asserted error. *Fahey v. Eldridge*, 46 S.W.3d 138, 142-43 (Tenn. 2001). It "should identify the specific circumstances giving rise to the alleged error so that it may be reasonably identified in the context of the entire trial." *Id.* Second, the motion must identify, with reasonable clarity, the alleged legal ground of the error. *Id.* at 143. In other words, the motion should describe "the legal ground upon which the trial court based its actions" and give "the legal reasons why the court's decision was improper." *Id.*

We must view Ms. Wazir's motion "in the light most likely to permit us to consider

3

[her issues on appeal]." *Borne v. Celadon Trucking Servs., Inc.*, 532 S.W.3d 274, 296 (Tenn. 2017). Still, preservation of her issues "in some form is essential for review." *Waters*, 229 S.W.3d at 689. Aside from a vague reference to Ms. Wazir's damages evidence, the motion does not identify the factual basis of her complaints, "the legal ground upon which the trial court based its actions," or "the legal reasons why the court's decision was improper." *Fahey*, 46 S.W.3d at 143. We find no indication in her post-trial motion that the court improperly excluded "key evidence," or misapplied Tennessee law "on the burden of proof or the standards for evaluating the work."

We recognize that Ms. Wazir is a pro se litigant. We "give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). We judge their court filings "using standards that are less stringent than those applied to papers prepared by lawyers." *Id.* Still, pro se litigants are not excused "from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). And even if we view Ms. Wazir's post-trial motion exceedingly generously, it lacks the necessary specificity to preserve the issues she has raised on appeal.

### III.

Because Ms. Wazir failed to bring her issues to the attention of the trial court in a motion for a new trial, the issues on appeal are waived. The judgment of the trial court is affirmed.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE